IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, and KAREN E.<br>ROCHLIN,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-cv-00325-X-BT |

## **ORDER**

Plaintiff Jennifer L. Ryan filed this *pro se* civil action on February 10, 2025, asserting claims for wrongful prosecution. *See generally* Compl. (ECF No. 3). Because Ryan paid the statutory filing fee, she is responsible for properly serving each of the Defendants with a summons and a copy of her complaint in accordance with Federal Rule of Civil Procedure 4.[1] After serving Defendants, Ryan must file proof of service with the Court; proof must be by server's affidavit. Fed. R. Civ. P. 4(l).

Rule 4 provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that

---

[1] Ryan may not serve the Defendants herself. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

1

service be made within a specified time," unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Accordingly, by **May 12, 2025**, Ryan must (a) serve her complaint on each of the Defendants and file proof of service with the Court or (b) show good cause for her failure to timely serve the Defendants. If Ryan fails to do so, the Court may recommend that her lawsuit be dismissed without prejudice.

**SO ORDERED.**

April 7, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE