IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

JENNIFER L. RYAN,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

      Defendants.

Civil Action No. 3:25-cv-00325-X-BT

---

### DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS AND BRIEF IN SUPPORT

NANCY E. LARSON
Acting United States Attorney

Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8737
Facsimile:   214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

## Table of Contents

I.    Introduction ....................................................................................................... 1

II.   Factual Allegations ........................................................................................... 1

III.  Standards of Review......................................................................................... 3

    A.   Rule 12(b)(1) Pleading Standard.................................................................. 3

    B.   Rule 12(b)(6) Pleading Standard.................................................................. 3

IV.   Argument and Authorities ............................................................................... 3

    A.   This Court lacks subject-matter jurisdiction over Plaintiff's FTCA
          claims................................................................................................................ 3

          1.   Plaintiff did not sue the proper defendant. .......................................... 4

          2.   Plaintiff filed suit before exhausting required administrative
              remedies. .................................................................................................... 5

          3.   The FTCA's discretionary-function exception bars Plaintiff's
              tort claims.................................................................................................. 6

          4.   The FTCA's intentional-tort exception bars Plaintiff's tort
              claims. ........................................................................................................ 8

    B.   Plaintiff fails to state a claim upon which relief can be granted. ............... 12

          1.   Plaintiff fails to state a claim for malicious prosecution.................. 13

          2.   Plaintiff fails to state a claim for intentional infliction of
              emotional distress. ................................................................................ 22

    C.   The request for declaratory relief should be denied.................................... 25

V.    Conclusion....................................................................................................... 25

# Table of Authorities

## Cases

*Ammerman v. Newman*,
   384 A.2d 637 (D.C. 1978) ........................................................................ 16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................ 3, 18

*Barron v. United States*,
   31 F.4th 347 (5th Cir. 2022) .................................................................... 6

*Basile v. Twp. of Smith*,
   752 F. Supp. 2d 643 (W.D. Pa. 2010) ..................................................... 17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 3

*Bernard v. United States*,
   25 F.3d 98 (2d Cir. 1994) ....................................................................... 10

*Blackledge v. Allison*,
   431 U.S. 63 (1977) ................................................................................. 19

*Bonilla v. United States*,
   652 F. App'x 885 (11th Cir. 2016) .......................................................... 10

*Briscoe v. United States*,
   268 F. Supp. 3d 1 (D.D.C. 2017) ............................................................ 18

*Brown v. Carr*,
   503 A.2d 1241 (D.C. 1986) ................................................................ 20, 22

*Brownback v. King*,
   592 U.S. 209 (2021) ............................................................................... 13

*Burdick v. United States*,
   236 U.S. 79 (1915) ................................................................................. 21

*Carrero v. Farrelly*,
   No. JKB-16-3939, 2018 WL 1761957 (D. Md. Apr. 12, 2018) .................. 11

*Cintron v. Shield*,
   No. 18-CV-1619 (RA), 2019 WL 4194429 (S.D.N.Y. Sept. 3, 2019) ......... 17

*Coleman v. United States*,
   912 F.3d 824 (5th Cir. 2019) ............................................................... 5

*Competitive Enter. Inst. v. Mann*,
   150 A.3d 1213 (D.C. 2016) ............................................................... 23

*Conley v. Gibson*,
   355 U.S. 41 (1957) ............................................................... 25

*Cox v. United States*,
   No. CIV.A. C-07-235, 2007 WL 1795711 (S.D. Tex. June 20, 2007) ......................... 9

*Cruz-Roldan v. Nagurka*,
   246 F. Supp. 3d 155 (D.D.C. 2017) ............................................................... 20

*Cuellar v. Love*,
   No. 11-cv-3632 (NSR), 2014 WL 1486458 (S.D.N.Y. Apr. 11, 2014) ..................... 16

*Davis v. Giles*,
   769 F.2d 813 (D.C. Cir. 1985) ............................................................... 20

*Dellums v. Powell*,
   566 F.2d 167 (D.C. Cir. 1977) ............................................................... 14

*Doe v. United States*,
   83 F. Supp. 2d 833 (S.D. Tex. 2000) ............................................................... 9

*Ellis v. U.S. Att'y Gen.*,
   No. 3-02-CV-1130-P, 2002 WL 31156684 (N.D. Tex. Sept. 24, 2002) ..................... 9

*Ex parte Garland*,
   71 U.S. 333 (1866) ............................................................... 21

*FDIC v. Meyer*,
   510 U.S. 471 (1994) ............................................................... 3, 4

*Freeman v. United States*,
   556 F.3d 326 (5th Cir. 2009) ............................................................... 4

*Futrell v. Dep't of Lab. Fed. Credit Union*,
   816 A.2d 793 (D.C. 2003) ............................................................... 22

*Galvin v. Occupational Safety & Health Admin.*,
   860 F.2d 181 (5th Cir. 1988) ............................................................... 4

*Gasho v. United States*,
    39 F.3d 1420 (9th Cir. 1994) ........................................................................... 8

*Gregory v. Mitchell*,
    634 F.2d 199 (5th Cir. 1981) ........................................................................... 5

*In re North*,
    62 F.3d 1434 (D.C. Cir. 1994) ................................................................. 21, 22

*InterMune, Inc. v. Harkonen*,
    No. 2021-0694-NAC, 2023 WL 3337212 (Del. Ch. May 10, 2023) ........................ 22

*Johnson v. Sawyer*,
    47 F.3d 716 (5th Cir. 1995) ........................................................................... 9

*Katz v. Dist. of Columbia*,
    285 A.3d 1289 (D.C. 2022) ........................................................................... 16

*Killian v. Fuller*,
    412 N.W.2d 698 (Mich. App. 1987) ................................................................ 17

*King v. Kidd*,
    640 A.2d 656 (D.C. 1993) ........................................................................... 23

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ..................................................................................... 3

*Lockett v. Metro. Police Dep't*,
    No. 1:22-cv-02935 (CJN), 2023 WL 4824735 (D.D.C. July 27, 2023) ..................... 20

*Lorance v. Commandant, U.S. Disciplinary Barracks*,
    13 F.4th 1150 (10th Cir. 2021) ...................................................................... 21

*McNeil v. United States*,
    508 U.S. 106 (1993) ..................................................................................... 5

*Menchaca v. Chrysler Credit Corp.*,
    613 F.2d 507 (5th Cir. 1980) ........................................................................... 3

*Millbrook v. United States*,
    569 U.S. 50 (2013) ..................................................................................... 8

*Molina-Aranda v. Black Magic Enters., L.L.C.*,
    983 F.3d 779 (5th Cir. 2020) ........................................................................ 17

*Moore v. United States*,
    213 F.3d 705 (D.C. Cir. 2000) ........................................................ 10, 13, 14

*Morowitz v. Marvel*,
    423 A.2d 196 (D.C. 1980) ........................................................................ 20

*Morrison v. Vine*,
    No. 17-CV-996-LJV-HBS, 2021 WL 1229558 (W.D.N.Y. Feb. 25, 2021) ............... 17

*O'Quinn v. District of Columbia*,
    No. 87-0074 (RLC), 1988 WL 23244 (D.D.C. Mar. 4, 1988) ..................................... 20

*Ocampo-Vergara v. Clark*,
    No. 3:20-CV-619-DPJ-FKB, 2023 WL 6014377 (S.D. Miss. July 12, 2023) ............... 6

*Ortberg v. Goldman Sachs Grp.*,
    64 A.3d 158 (D.C. 2013) ................................................................. 23, 24, 25

*People ex rel. Prisament v. Brophy*,
    38 N.E.2d 468 (1941) ............................................................................... 22

*Rauh v. Coyne*,
    744 F. Supp. 1186 (D.D.C. 1990) .............................................................. 20

*Richards v. United States*,
    369 U.S. 1 (1962) ............................................................................... 12, 22

*Roe v. United States*,
    No. SA-22-CV-00869-JKP, 2024 WL 925556 (W.D. Tex. Mar. 4, 2024) ................... 9

*Rykers v. Alford*,
    832 F.2d 895 (5th Cir. 1987) ..................................................................... 5

*Smith v. United States*,
    375 F.2d 243 (5th Cir. 1967) ..................................................................... 7

*Southern v. United States*,
    503 F. Supp. 2d 829 (W.D. Tex. 2007) ....................................................... 6

*Tabman v. FBI*,
    718 F. Supp. 2d 98 (D.D.C. 2010) .............................................................. 8

*Thompson v. Clark*,
    596 U.S. 36 (2022) ................................................................................. 20

*Truman v. United States,*
    26 F.3d 592 (5th Cir. 1994) ........................................................................ 6

*Tsolmon v. United States,*
    841 F.3d 378 (5th Cir. 2016) ...................................................................... 7

*United States v. Castellana,*
    433 F. Supp. 1309 (M.D. Fla. 1977) .......................................................... 21

*United States v. Cothran,*
    302 F.3d 279 (5th Cir. 2002) ...................................................................... 19

*United States v. Orleans,*
    425 U.S. 807 (1976) ...................................................................................... 4

*United States v. Ryan,*
    No. 21-cr-50 (D.D.C.) ........................................................................ passim

*United States v. Schaffer,*
    240 F.3d 35 (D.C. Cir. 2001) ..................................................................... 21

*United States v. Sidell,*
    553 F. App'x 619 (7th Cir. 2014) .............................................................. 19

*Urmancheev v. Immigr. & Customs Enf't Health Servs. Corps,*
    No. 22CV0762-CAB (MSB), 2022 WL 17541026 (S.D. Cal. Dec. 8, 2022).............. 11

*Vander Zee v. Reno,*
    100 F.3d 952 (5th Cir. 1996) ................................................................... 8, 9

*Walker v. Clearfield Cnty. Dist. Att'y,*
    413 F. App'x 481 (3d Cir. 2011) ............................................................... 17

*Waller v. DB3 Holdings, Inc.,*
    No. 3:07-CV-0491-D, 2008 WL 373155 (N.D. Tex. Feb. 12, 2008)......................... 25

*Westbay Steel, Inc. v. United States,*
    970 F.2d 648 (1992) .................................................................................... 25

*Wood v. Neuman,*
    979 A.2d 64 (D.C. 2009) ............................................................................ 24

*Yacubian v. United States,*
    750 F.3d 100 (1st Cir. 2014) ...................................................................... 10

## Statutes

18 U.S.C. § 1752(b)(2) ........................................................................................ 18

28 U.S.C. § 547 ................................................................................................... 10

28 U.S.C. § 1346(b)(1) ................................................................................... 4, 12

28 U.S.C. § 2675(a) .............................................................................................. 5

28 U.S.C. § 2680(a) ........................................................................................... 6, 7

28 U.S.C. § 2680(h) .................................................................................... passim

40 U.S.C. § 5104(e)(2)(G) ................................................................................... 2

40 U.S.C. § 5109(b) ........................................................................................... 18

42 U.S.C. § 1983 ................................................................................................ 20

## Rules

Fed. R. Civ. P. 8 ................................................................................................... 3

Fed. R. Civ. P. 8(a)(2) ....................................................................................... 25

Fed. R. Civ. P. 9(b) ........................................................................................... 18

Fed. R. Civ. P. 12(b)(1) ............................................................................. 1, 3, 13

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 3, 13

## Other Authorities

Restatement (Second) of Torts § 46 cmt. J ....................................................... 25

Restatement (Second) of Torts § 653 ...................................................... 14, 15, 20

## I.    Introduction

Plaintiff Jennifer L. Ryan sues the United States Department of Justice (DOJ) pursuant to the Federal Tort Claims Act (FTCA) for alleged malicious prosecution, defamation and false light, and intentional infliction of emotional distress.  For several reasons, however, this Court lacks jurisdiction over Plaintiff's FTCA lawsuit.  Plaintiff did not sue the United States, the only proper defendant; she failed to exhaust required administrative remedies; and the FTCA's discretionary-function and intentional-tort exceptions bar her suit.  Lacking jurisdiction, the Court need not proceed further in its analysis, but DOJ also sets forth why Plaintiff has failed to state a claim with respect to two of her claims.  Finally, the request for declaratory relief is improper and should be denied.  In sum, the Court should grant DOJ's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6), and dismiss Plaintiff's claims with prejudice.

## II.    Factual Allegations[1]

On January 6, 2021, Plaintiff entered the U.S. Capitol for approximately two minutes, together with others who were protesting there that day.  Doc. 20-1, at 3, ¶ 6.  Approximately a week later, agents from the Federal Bureau of Investigation arrested Plaintiff for her conduct on January 6.  *Id*. at 12, ¶ 21.  According to Plaintiff, Assistant U.S. Attorney Frances Blake determined that Plaintiff was eligible for "pretrial diversion," an alternative to traditional prosecution, and recommended a sentence of one

---

[1] For purposes of this motion, Defendant relies on the facts alleged in (1) Plaintiff's amended complaint, which are assumed to be true solely for the purposes of the motion to dismiss, and (2) materials incorporated by reference into the amended complaint or of which judicial notice may be taken.

year of probation in exchange for a plea to a single misdemeanor charge. *Id*. at 10, ¶ 16. However, DOJ supervisors "overruled" Blake's recommendation, "forcing harsher charges and plea terms." *Id*. at 8, ¶ 13. Blake revised her sentencing recommendation to 30 days of in-home confinement. *Id*. at 11, ¶ 16.

Plaintiff pled guilty on July 24, 2021, to one misdemeanor count of "Parading, Demonstrating, or Picketing in a Capitol Building" (40 U.S.C. § 5104(e)(2)(G)) and agreed to pay $500 in restitution. *Id*. at 3, ¶ 6; *id*. at 7, ¶ 11; *id*. at 8, ¶ 12f; *see also United States v. Ryan*, No. 21-cr-50 (D.D.C.). The pre-sentence report recommended 24 months of probation. Doc. 20-1, at 9, ¶ 15. According to Plaintiff, one month before sentencing, Assistant U.S. Attorney Karen E. Rochlin was assigned to Plaintiff's case, replacing Blake. *Id*. at 11, ¶ 17. Under Rochlin, the government's sentencing recommendation was increased to 60 days of incarceration. *Id*. A DOJ policy had "secretly categorized Plaintiff as a domestic violent extremist, overriding AUSA Blake's lenient recommendation and prompting Rochlin's punitive escalation." *Id*. at 12, ¶ 20 (citations omitted).

On November 4, 2021, a federal district judge in the District of Columbia sentenced Plaintiff to 60 days of incarceration, and Plaintiff completed that sentence. *Id*. at 2, ¶¶ 2, 3. On January 20, 2025, Plaintiff received a presidential pardon for her conviction. *Id*. at 18, ¶ 32.

### III.    Standards of Review

**A.    Rule 12(b)(1) Pleading Standard**

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Once a defendant raises lack of subject-matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

**B.    Rule 12(b)(6) Pleading Standard**

For a complainant to state a claim for relief, the complainant must plead a short, plain statement showing entitlement to such relief.  *See* Fed. R. Civ. P. 8.  A complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) if the plaintiff has not pled enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### IV.    Argument and Authorities

**A.    This Court lacks subject-matter jurisdiction over Plaintiff's FTCA claims.**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Plaintiff brings her claims pursuant to the FTCA, which provides a limited waiver of sovereign immunity for

certain tort claims "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Although the United States waived its sovereign immunity through the FTCA, it can only be sued in accordance with the terms of that waiver. *United States v. Orleans*, 425 U.S. 807, 814 (1976). "Sovereign immunity is jurisdictional in nature" and the terms of the United States' consent to be sued define the Court's jurisdiction to entertain the suit. *Meyer*, 510 U.S. at 475. As the party invoking jurisdiction, Plaintiff must bear "the burden of showing Congress's unequivocal waiver of sovereign immunity." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (internal quotations and citation omitted). Here, for several reasons that will be discussed, the Court lacks jurisdiction.

### 1.     Plaintiff did not sue the proper defendant.

The FTCA vests district courts with "exclusive jurisdiction of civil actions on claims against the United States, for money damages." 28 U.S.C. § 1346(b)(1). Given the clear statutory language, "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin*., 860 F.2d 181, 183 (5th Cir. 1988).[2] Because Plaintiff did not name the United States as a defendant, this Court lacks jurisdiction over her FTCA claims and those claims should be dismissed. *See id.*

---

[2] The amended complaint is clear that DOJ, and not Rochlin, is the named defendant with respect to the FTCA claims. *See* Doc. 20-1, at 24, 25, 28.

### 2.    Plaintiff filed suit before exhausting required administrative remedies.

Even if Plaintiff had named the proper defendant, her FTCA claims would still

fail.  An FTCA action shall not be instituted against the United States unless the claimant

has exhausted administrative remedies.  *See* 28 U.S.C. § 2675(a); *Coleman v. United

States*, 912 F.3d 824, 834 (5th Cir. 2019).  The Fifth Circuit has repeatedly held that

exhaustion is a "jurisdictional prerequisite for FTCA claims that cannot be waived."

*Coleman*, 912 F.3d at 834; *see Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir.

1981).  Moreover, "jurisdiction must exist at the time the complaint is filed."  *Gregory*,

634 F.2d at 204; *see also McNeil v. United States*, 508 U.S. 106, 107, 113 (1993).

With respect to exhaustion procedures and timing, the FTCA provides, in pertinent

part:

> An action shall not be instituted upon a claim against the
> United States . . . unless the claimant shall have first
> presented the claim to the appropriate Federal agency and his
> claim shall have been finally denied by the agency in writing
> and sent by certified or registered mail.  The failure of an
> agency to make final disposition of a claim within six months
> after it is filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for purposes
> of this section.

28 U.S.C. § 2675(a).  In short, "the FTCA requires that a claimant first bring an

administrative claim and allow the offending agency at least six months to act on the

claim."  *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

Here, Plaintiff never alleges that she exhausted her administrative remedies before

filing suit, but she states that she "filed an administrative claim with the DOJ on May 5,

2025."  Doc. 20-1, at 5, ¶ 2.  Thus, as a facial matter, the amended complaint fails.  Even

assuming for the sake of argument that the relevant federal filing date was the date

Plaintiff filed her amended complaint—May 29, 2025—rather than the date she filed her

original complaint—February 10, 2025—Plaintiff still filed her federal lawsuit too early,

far short of the requisite six months after filing her administrative claim.[3]  Because

Plaintiff failed to exhaust her administrative remedies before filing her lawsuit, this Court

lacks jurisdiction over Plaintiff's FTCA claims and they should be dismissed.

### 3.    The FTCA's discretionary-function exception bars Plaintiff's tort claims.

Although the FTCA waives the sovereign immunity of the United States for

certain damages actions based on the negligence and other wrongful acts or omissions by

federal employees, the statute is limited by several exceptions.  "The exceptions that do

appear in the FTCA must be strictly construed in favor of the government."  *Truman v.*

*United States*, 26 F.3d 592, 594 (5th Cir. 1994).

The discretionary-function exception preserves the United States' sovereign

immunity from FTCA claims "based upon the exercise or performance or the failure to

exercise or perform a discretionary function or duty on the part of a federal agency or an

employee of the Government, whether or not the discretion involved be abused."  28

U.S.C. § 2680(a); *see Barron v. United States*, 31 F.4th 347, 349 (5th Cir. 2022).  To fall

within the discretionary-function exception, the federal employee's "conduct must be a

---

[3] DOJ does not concede that the date the amended complaint was filed is relevant here.  Courts within the Fifth Circuit have not permitted plaintiffs to amend FTCA claims that are barred due to failure to exhaust. *See Ocampo-Vergara v. Clark*, No. 3:20-CV-619-DPJ-FKB, 2023 WL 6014377, at *2 (S.D. Miss. July 12, 2023, *report and recommendation adopted*, No. 3:20-CV-619-DPJ-FKB, 2023 WL 5401832 (S.D. Miss. Aug. 22, 2023); *Southern v. United States*, 503 F. Supp. 2d 829, 835 (W.D. Tex. 2007).

matter of choice for the acting employee" as opposed to being specifically prescribed by mandatory statute or regulation, and the employee's judgment must be "of the kind that the discretionary function exception was designed to shield." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (cleaned up).  "The plaintiff has the burden of establishing that the discretionary function exception does not apply." *Id.*

"Decisions on when, where, and how to investigate and whether to prosecute have long been found to be core examples of discretionary conduct for which the United States maintains its immunity." *Id*. at 383 (internal quotations and citation omitted).  Put another way, section "2680(a) exempts the government from liability for exercising the discretion inherent in the prosecutorial function of the Attorney General, no matter whether these decisions are made during the investigation or prosecution of offenses." *Smith v. United States*, 375 F.2d 243, 248 (5th Cir. 1967).  This is so because "[t]he federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy." *Id.* at 247.  And as the statute provides, the discretionary-function exception applies "whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  As all of Plaintiff's tort claims here rise and fall on the decision to prosecute, the discretionary-function exception precludes all FTCA liability, regardless of the labels Plaintiff uses to assert her claims.[4]  *Cf. Gasho v. United States*, 39

---

[4] For Plaintiff's defamation and false light claim, she alleges that the media "amplified Rochlin's false claims" and was "fueled by the DOJ's [domestic violent extremist] narrative."  Doc. 20-1, at 25, ¶ 59. The claim of intentional infliction of emotional distress is also premised on discretionary prosecutorial decisions.  In support of that claim, Plaintiff alleges that "Rochlin's fabrication, misuse of private texts with Plaintiff's dying mother, and media-driven prosecution were outrageous."  *Id.* at 29, ¶ 70(a) (citations omitted).

F.3d 1420, 1435–36 (9th Cir. 1994) (dismissing claim for intentional infliction of emotional distress "to the extent the claim rests solely on circumstances involving seizure . . . and prosecutorial decisions, conduct which falls squarely under FTCA exceptions"); *Tabman v. FBI*, 718 F. Supp. 2d 98, 105 (D.D.C. 2010) (dismissing claim for intentional infliction of emotional distress under discretionary-function exception because the claim was "inextricably intertwined" with "the overall discretionary decision to investigate and then prosecute").

In sum, Plaintiff's tort claims fall into the discretionary-function exception and should therefore be dismissed.

### 4.    The FTCA's intentional-tort exception bars Plaintiff's tort claims.

The FTCA also preserves the sovereign immunity of the United States for any claim "arising out of" certain torts. 28 U.S.C. § 2680(h). This preservation of immunity is called the "intentional tort exception." *Millbrook v. United States*, 569 U.S. 50, 52 (2013). Section 2680(h) provides that the FTCA does not waive sovereign immunity for claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Thus, Plaintiff's claim of malicious prosecution is explicitly barred.

As mentioned, in addition to a claim of malicious prosecution, Plaintiff alleges claims of "defamation and false light" and "intentional infliction of emotional distress." Section 2680(h)'s protection against claims of libel and slander covers claims of defamation. *See Vander Zee v. Reno*, 100 F.3d 952, at *4 (5th Cir. 1996) ("[C]laims for

. . . defamation are specifically excepted from the FTCA's waiver of sovereign immunity by section 2680(h)."); *Ellis v. U.S. Att'y Gen*., No. 3-02-CV-1130-P, 2002 WL 31156684, at *2 (N.D. Tex. Sept. 24, 2002) (citing 28 U.S.C. § 2680(h)) ("The FTCA does not provide a remedy for claims arising out of defamation.").  And "'false light' invasion of privacy essentially amounts to libel, slander, or misrepresentation." *Johnson v. Sawyer*, 47 F.3d 716, 732 n.34 (5th Cir. 1995) (finding that section 2680(h) bars claims against the United States for "false light").  As for the intentional infliction of emotional distress claim, courts have routinely held that the intentional-tort exception bars such claims because they "arise out of" the torts that are directly named in the exception. *See, e.g*., *Vander Zee*, 100 F.3d  952, at *5; *Roe v. United States*, No. SA-22-CV-00869-JKP, 2024 WL 925556, at *8 (W.D. Tex. Mar. 4, 2024); *Cox v. United States*, No. CIV.A. C-07-235, 2007 WL 1795711, at *4 (S.D. Tex. June 20, 2007); *Doe v. United States*, 83 F. Supp. 2d 833, 839–40 (S.D. Tex. 2000).  "A plaintiff cannot through artful pleading avoid the jurisdictional limitations of § 2680(h)." *Roe*, 2024 WL 925556, at *8. Accordingly, the intentional-tort exception bars all of Plaintiff's FTCA claims.

Section 2680(h)'s so-called "law enforcement proviso" does not change the calculus.  Under the proviso, sovereign immunity *is* waived as to claims arising out of malicious prosecution, as well as several of the other intentional torts not relevant here, when the claim is based on the "acts or omissions of investigative or law enforcement officers of the United States Government." *Id*.  The proviso defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id*.

Thus, while the government retains sovereign immunity as to most intentional torts, its sovereign immunity is waived with respect to claims for malicious prosecution if, but only if, the tort was committed by "investigative or law enforcement officers of the United States Government."  *Id.*

Here, Plaintiff identifies Assistant U.S. Attorney Rochlin in the amended complaint as the primary alleged wrongdoer, but Plaintiff fails to plausibly allege that Rochlin is an investigative or law enforcement officer.  The law is well-established that federal prosecutors are not "investigative or law enforcement officers" within the meaning of the law enforcement proviso and thus the FTCA does not waive sovereign immunity for malicious prosecution claims based on the acts or omissions of prosecutors. *See, e.g.*, *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) ("It is undisputed here that the actions of federal prosecutors are outside of the ambit of § 2680(h)."); *Moore v. United States*, 213 F.3d 705, 713 n.7 (D.C. Cir. 2000) ("[T]he actions of a prosecutor cannot give rise to an abuse-of-process claim under the FTCA."); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994) (holding the FTCA does not authorize suits for intentional torts based on the actions of prosecutors); *Bonilla v. United States*, 652 F. App'x 885, 890 (11th Cir. 2016) (finding that prosecutors do not qualify as investigative or law enforcement officers under the FTCA).

"[P]rosecutors do not qualify as 'investigative or law enforcement officer[s]' within the meaning of 28 U.S.C. § 2680(h) as they are not empowered to execute searches, seize evidence, or make arrests."  *Bonilla*, 652 F. App'x at 890; *see also* 28 U.S.C. § 547 (listing the duties of U.S. Attorneys).  Nor does the amended complaint

allege that Rochlin performed any of these functions.  *Cf. Carrero v. Farrelly*, No. JKB-16-3939, 2018 WL 1761957, at *4–5 (D. Md. Apr. 12, 2018) (finding allegations insufficient where plaintiff "summarily refer[red] to DHS officials as 'law enforcement officials'" but failed to support that "conclusory allegation" with "any specific facts indicating why [they] qualify as 'investigative or law enforcement officers'"). Accordingly, Rochlin does not qualify as an "investigative or law enforcement officer" under section 2680(h), and sovereign immunity precludes FTCA liability arising from her allegedly tortious conduct.

The amended complaint briefly mentions that "others" at the Department of Justice, in addition to Rochlin, "maliciously prosecuted Plaintiff under Texas law."  Doc. 20-1, at 24, ¶ 55.  Again, Plaintiff has not plausibly alleged that these alleged wrongdoers are investigative or law enforcement officers whose conduct may serve as the basis for her claims.  Plaintiff's overbroad allegation—capturing the conduct of potentially all DOJ employees regardless of job position—clearly is insufficient to plausibly allege that the employees were investigative or law enforcement officers.  *See Urmancheev v. Immigr. & Customs Enf't Health Servs. Corps*, No. 22CV0762-CAB (MSB), 2022 WL 17541026, at *4 (S.D. Cal. Dec. 8, 2022) (finding that "the FTCA does not apply to . . . generalized theories of negligence brought against the employees of an institution as a whole"). Accordingly, because the FTCA's intentional-tort exception bars all of Plaintiff's tort claims, the Court should dismiss the claims for lack of subject-matter jurisdiction.

**B.      Plaintiff fails to state a claim upon which relief can be granted.**

Because the Court lacks jurisdiction, the Court need not proceed further with its analysis.  However, DOJ will nonetheless explain why Plaintiff has failed to state a claim with respect to her malicious prosecution and intentional infliction of emotional distress claims.[5]  As mentioned, the United States waived its sovereign immunity under the FTCA, subject to certain exceptions and limitations, for personal-injury claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

Here, because the alleged acts or omissions occurred in the District of Columbia, Plaintiff must plausibly allege that the United States, if a private person, would be liable under District of Columbia law.[6]  *See, e.g.*, *Richards v. United States*, 369 U.S. 1, 9 n.20 & 10 (1962) (rejecting argument that the law of the "place where the [alleged] injury occurred should control" an FTCA action and concluding that "Congress has . . . enacted a rule which requires federal courts, in multistate tort actions, to look in the first instance to the law of the place where the acts . . . took place").

---

[5] Due to space considerations and given how clearly the FTCA bars Plaintiff's defamation and false light claims, DOJ does not discuss here why those claims fail to state a claim, without waiving the argument.

[6] As previously discussed, this Court lacks jurisdiction over Plaintiff's FTCA claims because she did not name the United States as defendant.  Assuming for the sake of argument that Plaintiff had named the United States, her claims should still be dismissed for failure to state a claim, as will be explained.

As discussed below, the amended complaint fails to plausibly allege an FTCA claim under D.C. law and thus Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) and/or for failure to state a claim under Rule 12(b)(6). *See Brownback v. King*, 592 U.S. 209, 217–18 (2021) (explaining that a failure to plausibly allege an FTCA claim constitutes not only a failure to state a claim, but also a lack of subject-matter jurisdiction).

### 1. Plaintiff fails to state a claim for malicious prosecution.

Plaintiff asserts that the Department of Justice, "through Rochlin and others, maliciously prosecuted Plaintiff under Texas law." Doc. 20-1, at 24, ¶ 55. As noted, the relevant law is the District of Columbia, not Texas. Under D.C. law, "four elements make up the tort of malicious prosecution: (1) the defendant's initiation or procurement of a criminal proceeding against the plaintiff; (2) absence of probable cause for the proceeding; (3) malicious intent on the part of the defendant; and (4) termination of the proceeding in favor of the plaintiff." *Moore*, 213 F.3d at 710.[7] Here, Plaintiff's amended complaint fails to plausibly plead at least three of these elements.

---

[7] The elements of a malicious prosecution claim under Texas law are similar. The Texas elements are: "(1) commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999) (citing *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997)).

### a. Plaintiff fails to plausibly allege an investigative or law enforcement officer initiated or procured the criminal proceeding.

As explained above, the United States' sovereign immunity for malicious prosecution claims is waived only for the acts or omissions of investigative or law enforcement officers. *See* 28 U.S.C. § 2680(h). Plaintiff's malicious prosecution claim thus cannot be premised upon the initiation of the criminal proceeding against Plaintiff by DOJ prosecutors. *See* ECF 18, *United States v. Ryan*, No. 21-cr-50 (D.D.C.) (reflecting that DOJ prosecutors filed the criminal information). Therefore, to successfully bring a malicious prosecution claim, Plaintiff must allege that FBI agents—the only investigative or law enforcement officers identified in the amended complaint—initiated or procured the criminal proceeding.

To plausibly allege that "a defendant procured a prosecution, the plaintiff must [allege] 'a chain of causation' linking the defendant's actions with the initiation of criminal proceedings." *Moore*, 213 F.3d at 710 (quoting *Dellums v. Powell*, 566 F.2d 167, 192 (D.C. Cir. 1977)). "The relevant question, therefore, is whether [the FBI's] involvement in triggering the filing of [criminal charges] is of such a nature that the presumption of independent action by United States Attorneys is overborne and a chain of causation can accordingly be traced to [the FBI]." *Dellums*, 566 F.2d at 192. "The law is clear that the chain of causation between [the FBI] and the filing of [criminal charges] is broken thereby defeating tort liability if the decision made by [the prosecutor] was independent of any pressure or influence exerted by [the FBI] and of any knowing misstatements which [the FBI] may have made." *Id*. at 192–93; *see also* Restatement

(Second) of Torts § 653 (1977) (noting that procurement of a criminal proceeding requires showing that a defendant's involvement was a "determining factor" in the decision to prosecute or that the prosecutor acted upon information provided by the defendant that the defendant knew to be false).

Accordingly, to state a claim for malicious prosecution, Plaintiff must plausibly allege either (1) that the DOJ prosecutors filed the criminal information as a result of pressure or influence exerted by FBI agents or (2) that FBI agents knowingly provided false information that the DOJ prosecutors relied upon to file the criminal information.

Plaintiff does not plausibly allege that any pressure or influence exerted by FBI agents was the "determining factor" in the DOJ prosecutors' decision to bring the criminal case against Plaintiff.  *See* Restatement (Second) of Torts § 653.  Although the amended complaint includes conclusory allegations that the FBI's "raid" of Plaintiff's home "set the stage for Rochlin's sentencing-phase fabrications" and "initiat[ed] a malicious prosecution continued by Rochlin's fabrications," Doc. 20-1, at 9, ¶ 14; *id*. at 20, ¶ 42, neither allegation plausibly alleges that any FBI agent exerted pressure or influence on the DOJ prosecutors or that any FBI agent provided the prosecutors with false information.  Because Plaintiff fails to plausibly allege that any investigative or law enforcement officer initiated or procured the DOJ's criminal prosecution of Plaintiff, her malicious prosecution claim should be dismissed.

### b.    Plaintiff fails to plausibly allege the absence of probable cause.

Plaintiff's malicious prosecution claim also fails because Plaintiff has not plausibly alleged that the United States lacked probable cause to initiate the criminal

proceeding. Under District of Columbia law, "probable cause is defined as the existence of facts and circumstances as will warrant a cautious man in the belief that his action and the means taken in prosecuting it are legally just and proper." *Katz v. Dist. of Columbia*, 285 A.3d 1289, 1311 (D.C. 2022) (internal quotations and citation omitted). "One need not be certain of the outcome of a proceeding to have reasonable grounds for instituting it." *Ammerman v. Newman*, 384 A.2d 637, 640 (D.C. 1978).

Here, because Plaintiff pled guilty, there can be no dispute that DOJ prosecutors had probable cause. *See* ECF 38, No. 21-cr-50 (D.D.C.) (plea agreement with Plaintiff's signature). Plaintiff's plea agreement expressly states that Plaintiff is entering the plea "voluntarily and of [her] own free will," after having discussed the plea with her attorney, because she is "in fact guilty of the offense." *Id*. at 9. In connection with the plea, Plaintiff also signed, under penalty of perjury, a "Statement of Offense," which set forth the factual predicate for her guilty plea. ECF 39, No. 21-cr-50 (D.D.C.). In the Statement of Offense, Plaintiff expressly stipulated and agreed that she "knew at the time she entered the U.S. Capitol Building that that she did not have permission to enter the building and [she] paraded, demonstrated, or picketed." *Id*. at 4, ¶ 15.

Plaintiff's own agreement to plead guilty conclusively establishes that there were "reasonable grounds"—i.e., probable cause—for the United States (and, by extension, Rochlin and other DOJ prosecutors) to institute and pursue the criminal charges. Indeed, numerous courts have held that a guilty plea "conclusively establishes that probable cause existed." *Cuellar v. Love*, No. 11-cv-3632 (NSR), 2014 WL 1486458, at *5 (S.D.N.Y. Apr. 11, 2014) (collecting cases); *see also Walker v. Clearfield Cnty. Dist. Att'y*, 413 F.

App'x 481, 483 (3d Cir. 2011) (concluding that "a guilty plea—even one for a lesser offense—does not permit a later assertion of no probable cause"); *Morrison v. Vine*, No. 17-CV-996-LJV-HBS, 2021 WL 1229558, at *3 (W.D.N.Y. Feb. 25, 2021) (collecting cases for proposition that "guilty plea established probable cause for his criminal prosecution"), *report and recommendation adopted*, 2021 WL 1226446 (W.D.N.Y. Mar. 31, 2021).  Plaintiff's guilty plea thus "establishes probable cause for commencing the proceeding against h[er] and therefore serves as an absolute defense to the malicious prosecution claim."  *Cintron v. Shield*, No. 18-CV-1619 (RA), 2019 WL 4194429, at *3 (S.D.N.Y. Sept. 3, 2019).

Although some courts have allowed parties to rebut the general rule that a guilty plea conclusively establishes probable cause where they have asserted that their guilty pleas "were obtained by fraud, perjury, undue influence, or some other corrupt means," here, Plaintiff has not plausibly alleged that her plea agreement was obtained through such means.  *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 655 (W.D. Pa. 2010) (collecting cases); *see also Killian v. Fuller*, 412 N.W.2d 698, 700 (Mich. App. 1987) ("The general rule is that a guilty plea is conclusive evidence of probable cause unless that plea was induced by fraud or unfair means").[8]  The amended complaint alleges that Plaintiff's guilty plea "was coerced due to DOJ's overcharging and threats."  Doc. 20-1,

---

[8] To the extent Plaintiff alleges that her plea agreement was obtained through "fraud or mistake," such allegations are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake."  In short, plaintiffs raising such allegations must describe "the who, what, when, and where" supporting their allegations.  *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020) (citation omitted).

at 8–9, ¶ 13.  Specifically, Plaintiff claims that DOJ threatened "up to five years' imprisonment if she went to trial based on the government's 99% conviction rate."  *Id.* Her alleged support for this claim does not support that statement, however.  *See* Doc. 20-32, at 14–16 (email messages referred to in the complaint).[9]  Plaintiff's allegation is completely devoid of supporting factual allegations regarding the alleged threat—such as who allegedly made the threat, what specific threat was made, when the threat was made, or where the threat was made.  Plaintiff's threadbare allegation of coercion is insufficient to overcome the presumption established by Plaintiff's guilty plea.  *See* Fed. R. Civ. P. 9(b); *Briscoe v. United States*, 268 F. Supp. 3d 1, 18 (D.D.C. 2017) (rejecting argument that plaintiffs were "induced to plead guilty" based on alleged misstatements about evidence, because each plaintiff had "affirmed that he was pleading guilty 'because [he was] in fact guilty'"); *Iqbal*, 556 U.S. at 680–81 (noting that allegations that are unsupported by well-pleaded facts are not entitled to an assumption of truth).

In addition to the plea agreement, Plaintiff also attested under penalty of perjury— in the Statement of Offense and in a plea colloquy in court—that she was, in fact, guilty of the offense charged and that her admission of guilt was not based upon any threats or

---

[9] Moreover, even if Plaintiff had been convicted on all counts with which she was charged and assuming she received the maximum sentence for each of those counts and that the sentences ran consecutively, Plaintiff would have received a sentence of only three—not five—years in prison.  *See* 18 U.S.C. § 1752(b)(2) ("The punishment for a violation of subsection [1752](a) is-- … (2) a fine under this title or imprisonment for not more than one year") (Counts One and Two of the superseding information, ECF 34, 21-cr-50 (D.D.C.)); 40 U.S.C. § 5109(b) ("A person violating section 5103 or Section 5104(b), (c), (d), (e)(2), or (f) of this title, or attempting to commit a violation, shall be fined under title 18, imprisoned for not more than six months, or both" (Counts Three and Four of the superseding information, ECF 34, 21-cr-50 (D.D.C.)).

undue influence.  ECF 39, No. 21-cr-50 (D.D.C.).  As the Supreme Court has made clear, "[s]olemn declarations in open court carry a strong presumption of verity" and "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").[10]  The amended complaint fails to include any allegations "supported by specifics" that would sustain a finding that Plaintiff's admission of guilt was based upon any threats or undue influence.

In light of Plaintiff's guilty plea and her repeated statements under oath admitting both her guilt and the voluntariness of her plea, Plaintiff's amended complaint does not plausibly allege that the United States (or its prosecutors, by extension) lacked probable cause to initiate or pursue criminal proceedings against her and thus Plaintiff's malicious prosecution claim should be dismissed.[11]

### c.   Plaintiff fails to plausibly allege that the criminal case terminated in her favor.

"[T]o prevail in a claim of malicious prosecution, [a] plaintiff must plead and prove [that] the underlying suit terminated in plaintiff's favor."  *Morowitz v. Marvel*, 423

---

[10] *See also United States v. Sidell*, 553 F. App'x 619, 624 (7th Cir. 2014) ("A defendant's admission in a plea agreement, during the plea colloquy, or even at sentencing can remove a fact from dispute since an admission is even better than a jury's finding beyond a reasonable doubt." (internal quotations and citation omitted)).

[11] In addition, a magistrate judge found probable cause that Plaintiff committed the offenses identified in the criminal complaint that initiated the case under Federal Rule of Criminal Procedure 3.

A.2d 196, 198 (D.C. 1980).  To satisfy this requirement under D.C. law, the termination

of the prior suit must be "of such a nature as to indicate the innocence of the accused"

and "reflect on the merits of the underlying action." *Brown v. Carr*, 503 A.2d 1241, 1245

(D.C. 1986) (quoting *Lackner v. LaCroix*, 602 P.2d 393, 394 (Cal. 1979)); *see also Rauh*

*v. Coyne*, 744 F. Supp. 1186, 1193 (D.D.C. 1990) ("To show a termination in one's favor,

the plaintiff must prove that a court passed on the merits of the charge against him in

such circumstances as to show plaintiff's innocence").  "It is not enough that the

terminations are *consistent* with innocence; they must *tend to show* innocence." *O'Quinn*

*v. District of Columbia*, No. 87-0074 (RLC), 1988 WL 23244, at *2 (D.D.C. Mar. 4,

1988).[12]  Because the favorable termination requirement "is part of plaintiff's *prima facie*

case, it is [the plaintiff's] burden to demonstrate that the termination was favorable."

*Cruz-Roldan v. Nagurka*, 246 F. Supp. 3d 155, 159 (D.D.C. 2017).

Here, Plaintiff has not alleged that the criminal prosecution terminated in a way

that established her innocence.  Plaintiff pled guilty and agreed to pay $500 in restitution.

---

[12] The Supreme Court has held that "a Fourth Amendment claim under [42 U.S.C.] § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence," because "the American tort-law consensus as of 1871" did not require a plaintiff to make such a showing. *Thompson v. Clark*, 596 U.S. 36, 48–49 (2022).  Because the District of Columbia's common law malicious prosecution claim is not defined according to the American tort-law consensus as of 1871, the *Thompson* holding is irrelevant to Plaintiff's malicious prosecution claim under the FTCA.  *See Davis v. Giles*, 769 F.2d 813, 814–15 (D.C. Cir. 1985) (citing Restatement (Second) of Torts § 653 (1977) when defining the elements of a malicious prosecution claim); *cf. Thompson*, 596 U.S. at 48 (rejecting Restatement as a source for defining a Section 1983 malicious prosecution claim).  Section 1983 malicious prosecution claims and malicious prosecution claims under D.C. law thus "are governed by different standards." *Lockett v. Metro. Police Dep't*, No. 1:22-cv-02935 (CJN), 2023 WL 4824735, at *3 n.4 (D.D.C. July 27, 2023).  Accordingly, the *Thompson* decision does not disturb the clearly established law in the District of Columbia that a malicious prosecution claim requires that the termination of the prior suit be "of such a nature as to indicate the innocence of the accused." *Brown*, 503 A.2d at 1245.

Doc. 20-1, at 3, ¶ 6; *id.* at 7, ¶ 11; *id.* at 8, ¶ 12f.  The fact that Plaintiff accepted a full

pardon from President Trump does not indicate Plaintiff's innocence.  *See id.* at 4, ¶ 7.  A

pardon "carries an imputation of guilt" and the "acceptance [of a pardon] a confession of

it."  *Burdick v. United States*, 236 U.S. 79, 94 (1915).[13]  The D.C. Circuit similarly has

acknowledged that "acceptance of a pardon may imply a confession of guilt."  *United*

*States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001).  Similar to the pardon accepted by

Plaintiff, the pardon at issue in *Schaffer* was a full and unconditional presidential pardon

that did not indicate that it was issued based upon the pardoned individual's innocence.

*Id.*; *see* Doc. 20-35 (Plaintiff's pardon).  The D.C. Circuit concluded that the pardon

"act[ed] on the [pardoned individual's] conviction, without purporting to address [his]

innocence or guilt."  *Schaffer*, 240 F.3d at 38.

 Regardless of whether, as indicated in *Burdick*, Plaintiff's acceptance of the

presidential pardon itself implies her guilt, it is clear that the presidential pardon in no

way indicates Plaintiff's innocence and thus the pardon does not satisfy the favorable

termination requirement for a malicious prosecution claim.  *See Brown*, 503 A.2d at

---

[13] In a prior decision, the Supreme Court had observed that "when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence."  *Ex parte Garland*, 71 U.S. 333, 380 (1866).  As the D.C. Circuit has explained, however, the language in *Garland* about a pardon "blotting out guilt" and implying innocence was dictum, which "was implicitly rejected" in *Burdick*.  *In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994); *see also United States v. Castellana*, 433 F. Supp. 1309, 1315 (M.D. Fla. 1977) (finding that "more recent authorities have questioned the breadth of the Garland description" of the effect of a presidential pardon).  As a result, "federal courts now agree that a pardon does not 'blot out guilt or expunge a judgment of conviction.'"  *Lorance v. Commandant, U.S. Disciplinary Barracks*, 13 F.4th 1150, 1154 n.5, 1157 (10th Cir. 2021) (quoting *In re North*, 62 F.3d at 1437) (finding that "not every acceptance of a pardon constitutes a confession of guilt" but citing with approval cases finding that, under *Burdick*, "acceptance of a pardon does *not* erase guilt").

1245; *see also In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) (holding that "a pardon does not blot out probable cause of guilt"); *Richards v. United States*, 192 F.2d 602, 607 (D.C. Cir. 1951) (finding that "a pardon does not 'blot out guilt' in any literal or uncritical sense").  "[A] presidential pardon, even if granted because the President is satisfied that the convicted person is innocent, is an act of grace which does not obliterate the finding of guilt."  *People ex rel. Prisament v. Brophy*, 38 N.E.2d 468, 472 (1941); *see also InterMune, Inc. v. Harkonen*, No. 2021-0694-NAC, 2023 WL 3337212, at *11 (Del. Ch. May 10, 2023) (concluding that "a presidential pardon does not invalidate or expunge the underlying conviction or determine factual or legal innocence").  Accordingly, Plaintiff does not—and cannot—plausibly allege that the criminal prosecution terminated in her favor, and her malicious prosecution claim fails.

## 2. Plaintiff fails to state a claim for intentional infliction of emotional distress.

Plaintiff's claim of intentional infliction of emotional distress (IIED) is predicated on her malicious prosecution claim and her claim of defamation and false light.  *Compare* Doc. 20-1, at 28–29, ¶¶ 70–74 (IIED claim), *with id.* at 24, ¶¶ 55–58 (malicious prosecution claim) and *id.* at 25–28, ¶¶ 59–69 (defamation and false light claim). Because the IIED claim is predicated on these other claims, the IIED claim lacks merit. *See Futrell v. Dep't of Lab. Fed. Credit Union*, 816 A.2d 793, 808 (D.C. 2003).  To hold otherwise would mean that every alleged malicious prosecution and every alleged defamation/false light claim would also give rise to claims for IIED.  That is not the law.

The IIED claim, to the extent it relies on the claims for malicious prosecution and for defamation and false light, should be dismissed as duplicative.

The IIED claim should also be dismissed because Plaintiff fails to sufficiently allege emotional distress damages.  To state an IIED claim under D.C. law, a plaintiff must plead "(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1260 (D.C. 2016), *as amended* (Dec. 13, 2018) (internal quotations and citation omitted).  District of Columbia "case law establishes strict tests for the elements of intentional infliction of emotional distress." *Ortberg v. Goldman Sachs Grp.*, 64 A.3d 158, 163 (D.C. 2013).[14]

"The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Competitive Enter. Inst.*, 150 A.3d at 1260 (internal quotations and citation omitted).  "[A] plaintiff must show that the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Ortberg*, 64 A.3d at 163 (internal quotations and citation omitted).  Contextual facts, such as "the nature of the activity at issue, the relationship between the parties, and the particular environment in which the conduct took place" should be considered.  *King v. Kidd*, 640 A.2d 656, 668 (D.C. 1993).

---

[14] The elements for an IIED claim under Texas law are similar.  A plaintiff must show that "(i) the defendant acted intentionally or recklessly, (ii) the defendant's conduct was extreme and outrageous, (iii) the outrageous conduct caused the complainant emotional distress, and (iv) the emotional distress suffered was severe." *Williams v. City of Dallas*, 53 S.W.3d 780, 788–89 (Tex. App. 2001).

Regarding the element of "severe emotional distress," such distress must be "of so acute a nature that harmful physical consequences might be not unlikely to result." *Ortberg*, 64 A.3d at 164 (internal quotations and citation omitted). "Recovery is not allowed merely because conduct causes mental distress." *Id*.

Here, Plaintiff does not allege facts to show intentional infliction of emotional distress. The section of her amended complaint devoted to that claim alleges that Plaintiff suffered "severe distress, exacerbated by her mother's death and fear of prison." Doc. 20-1, at 29, ¶ 70(c). She does not allege that the government had anything to do with her mother's death. As for her prison sentence, a federal district judge—not Rochlin or anyone else employed by the Department of Justice—decided what Plaintiff's sentence would be. And Rochlin and Plaintiff had no prior relationship. *See Ortberg*, 64 A.3d at 163 (in holding that conduct was not extreme or outrageous, finding relevant that the parties "had no relationship" before the relevant activity).

Moreover, Plaintiff's alleged emotional distress is not "of so acute a nature that harmful physical consequences might be not unlikely to result." *Id*. at 164. She alleges no physical impact at all. Instead, Plaintiff cites "extraordinary humiliation" and "alienation from her community." Doc. 20-1, at 30, ¶ 75(a)(iii). District of Columbia courts have found plaintiffs with more severe emotions to have fallen short of stating an IIED claim. *See, e.g.*, *Wood v. Neuman*, 979 A.2d 64, 78 (D.C. 2009) (dismissing IIED claim where the plaintiff "was constantly crying and almost sleepless, was shaken at her arrest, and was embarrassed at having been made out to be a 'pariah' in the neighborhood"). In addition, Plaintiff has failed to "indicat[e] the intensity and the

duration of the distress, which are factors to be considered in determining its severity."

*Ortberg*, 64 A.3d at 165 (citing Restatement (Second) of Torts § 46 cmt. J).  For these reasons, the Court should dismiss Plaintiff's IIED claim.

## C.    The request for declaratory relief should be denied.

Plaintiff seeks a declaration stating, in part, "that Defendants' actions . . . constituted tortious conduct under Texas law."  Doc. 20-1, at 32, ¶ 76(c).  As an initial matter, the FTCA permits a suit only for money damages and does not provide for declaratory relief.  *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (1992).  Furthermore, Plaintiff's request should be denied because the amended complaint cites no legal basis entitling her to such relief.  Without a legal basis, Defendant is unable to determine whether she is in fact entitled to a declaration.  Plaintiff's amended complaint is insufficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  In addition, courts have dismissed requests for declaratory relief as redundant and unnecessary where they seek simply a declaration that an underlying claim was or was not successful.  *See, e.g.*, *Waller v. DB3 Holdings, Inc.*, No. 3:07-CV-0491-D, 2008 WL 373155, at *3 (N.D. Tex. Feb. 12, 2008).  For these reasons, Plaintiff's request for declaratory relief should be denied.

## V.    Conclusion

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the Department of Justice with prejudice and grant DOJ all other relief to which it is entitled.

Respectfully submitted,

NANCY E. LARSON
Acting United States Attorney

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8737
Facsimile:   214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

## Certificate of Service

On July 25, 2025, I electronically submitted the foregoing document with the

Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic

case filing system of the court.  I hereby certify that I have served all parties

electronically or by another manner authorized by Federal Rule of Civil Procedure

5(b)(2).

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney