# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:25-cv-00325 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | Jury Trial Demanded |
| JUSTICE, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES'**
**MOTION TO DISMISS (ECF No. 27)**

---

## INTRODUCTION

Defendant United States' Motion to Dismiss (ECF No. 27) is premised on a false narrative of sovereign immunity, factual pleading deficiencies, and procedural technicalities that collapse under the weight of the actual record. Plaintiff Jennifer L. Ryan has filed a 70-page Second Amended Complaint with twelve detailed tables, dozens of incorporated exhibits, and new exculpatory video evidence *(Ex. X-7.1)* directly contradicting DOJ's charging narrative and sentencing claims. Specifically, the footage shows Capitol police facilitating entry through the very door where Plaintiff was later accused of unlawful trespass—undermining both probable cause and the legitimacy of the prosecution.

1. DOJ's motion attempts to hide behind the Federal Tort Claims Act's discretionary function and intentional tort exceptions, while ignoring that Plaintiff's prosecution was not merely flawed—it was fabricated, retaliatory, and coordinated with media actors and third parties in a manner well beyond the scope of legitimate discretion.

2. The DOJ now argues that probable cause existed due to Plaintiff's guilty plea, but ignores the coercive circumstances under which the plea was obtained — including prosecutorial overreach, suppressed exculpatory video, and systemic misconduct now confirmed by evidence in the Second Amended Complaint and Executive Order 14147.

## ARGUMENT

### I. THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S FTCA CLAIMS

#### A. Plaintiff Properly Named the United States as Defendant

3. While the DOJ asserts that Plaintiff failed to name the correct FTCA defendant, Plaintiff clarified in her Second Amended Complaint that all FTCA claims are brought solely against the United States as required under 28 U.S.C. § 1346(b)(1). Any defect in earlier filings has been corrected in the SAC *(ECF No. 30)*.

#### B. Plaintiff Satisfied or Requested a Stay of FTCA Exhaustion Requirements

4. Plaintiff submitted administrative tort claims in March, May, and July 2025. While not all have been formally denied, Plaintiff has requested a stay of unexhausted claims under 28 U.S.C. § 2675(a) pending agency resolution. Courts routinely allow such stays to

preserve judicial economy and fairness, particularly for pro se plaintiffs raising

intertwined constitutional and tort claims.

5.   As a *pro se*, Plaintiff has made every effort to comply with FTCA procedures and provide

a clear factual and legal basis for relief.

**C. The Discretionary Function Exception Does Not Apply to Unconstitutional or**

**Fabricated Conduct**

6.   The Discretionary Function Exception Does Not Apply to Unconstitutional or Fabricated

Conduct. The discretionary function exception under § 2680(a) does **not** shield:

a.   Constitutional violations (*Berkovitz v. United States*, 486 U.S. 531);

b.   Fabricated or retaliatory prosecutions (*Gasho v. United States*, 39 F.3d 1420);

c.   Prosecutorial acts involving investigatory misconduct (*Buckley v. Fitzsimmons*,

509 U.S. 259).

7.   The discretionary function exception under § 2680(a) does not shield:

a.   Constitutional violations (*Berkovitz v. United States*, 486 U.S. 531);

b.   Fabricated or retaliatory prosecutions (Gasho v. United States, 39 F.3d 1420);

c.   Prosecutorial acts involving investigatory misconduct (*Buckley v. Fitzsimmons,*

509 U.S. 259).

8.   Plaintiff's allegations fall outside any protected discretion because they involve

intentional fabrication, suppression of evidence, and malicious narrative construction.

**D. The Intentional Tort Exception Does Not Bar Plaintiff's Malicious Prosecution Claim**

9.  The government misapplies § 2680(h) by arguing that DOJ prosecutors are not law enforcement officers. However, Plaintiff also alleges acts by FBI agents and other officials empowered to execute arrests and searches. Plaintiff's complaint implicates law enforcement actors who directly contributed to her arrest, raid, and reputational destruction. Furthermore, Plaintiff alleges that Rochlin's investigatory acts—including the creation of a false timeline and fabricated narrative—were outside the protected scope of advocacy and instead constitute acts of investigatory misconduct functionally equivalent to law enforcement. These acts are not shielded by absolute immunity and fall squarely within the law enforcement proviso of § 2680(h), as interpreted by Buckley and its progeny.

## II. PLAINTIFF STATES PLAUSIBLE CLAIMS UNDER D.C. LAW

**A. Malicious Prosecution**

10.  Plaintiff has pleaded all four elements:

   a.  **Initiation/Procurement**: FBI agents and DOJ personnel procured Plaintiff's prosecution via fabricated statements and omissions. *(See Table 5, SAC)*.

   b.  **Lack of Probable Cause**: Plaintiff has produced video evidence *(Ex. X-7.1)* showing Capitol police facilitating peaceful entry through the very door Plaintiff was accused of trespassing. This footage was withheld and contradicts the charging narrative entirely. Combined with other suppressed evidence, it negates any valid finding of probable cause and supports a claim of fabrication.

    c. **Malice**: DOJ actors escalated punishment to punish political speech, as shown in Rochlin's memo.

    d. **Favorable Termination**: The January 2025 pardon, EO 14147, and dismissal of supervisory officials meet this requirement under *Thompson v. Clark*, 596 U.S. 36 (2022).

## B. IIED (Intentional Infliction of Emotional Distress)

11. Plaintiff has sufficiently alleged:

    a. **Extreme and Outrageous Conduct**: Publicized raid, media leaks, DVE labeling, military-level surveillance, solitary-style confinement, and financial deplatforming.

    b. **Intent or Recklessness**: Narrative engineering was not accidental; it was executed with malice and coordination.

    c. **Severe Emotional Distress**: Plaintiff suffered reputational destruction, financial exile, isolation, threats, and trauma, as described in *Exhibit X-13* and *Attachment 34*.

## III. DECLARATORY RELIEF IS APPROPRIATE

12. While the FTCA limits remedies to damages, Plaintiff also seeks declaratory relief under general federal question jurisdiction (28 U.S.C. § 1331) to clarify that the conduct violated her constitutional rights. This is especially relevant in light of Executive Order 14147 and the public interest in ensuring government accountability.

**CONCLUSION**

13. DOJ's Motion to Dismiss should be denied in its entirety. Plaintiff has properly alleged

    jurisdiction, exhausted or sought stays of administrative claims, and stated valid tort

    claims under applicable law. The government's invocation of immunity, discretion, and

    finality cannot shield coordinated misconduct under color of law — especially where the

    facts demonstrate fabrication, retaliation, and abuse of process..  At minimum, these

    well-supported claims warrant discovery. Dismissal at this stage would prematurely

    foreclose Plaintiff's right to prove the government's misconduct. This Court should allow

    the claims to proceed and permit discovery into the government's conduct,

    communications, and coordination with third parties.

14. Plaintiff has pleaded serious violations backed by documentary and video evidence —

    including police-facilitated entry contradicting the entire charging premise. These

    well-supported claims warrant discovery. The Motion to Dismiss should be denied in full.

Date: August 7, 2025

Respectfully submitted,

/s/ Jennifer L. Ryan
Jennifer L. Ryan, Pro Se
8300 Douglas Ave., Ste: 800
Dallas, TX 75225
469-491-0587
jennaryanrealty@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Jennifer L. Ryan