# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00325 |
| | § | |
| KAREN E. ROCHLIN, et al., *et al.,* | § | |
| | § | |
| Defendants. | § | |

# PLAINTIFF'S OPPOSITION TO DEFENDANT KAREN E. ROCHLIN'S MOTION TO DISMISS (ECF No. 26)

## INTRODUCTION

1. Defendant Karen E. Rochlin's Motion to Dismiss (ECF No. 26) mischaracterizes Plaintiff's claims, misstates the applicable immunity doctrines, and exaggerates the limitations on *Bivens* remedies. Contrary to Rochlin's assertions, Plaintiff has pled detailed facts showing that Rochlin engaged in investigatory misconduct, fabricated timelines, suppressed exculpatory evidence, and amplified defamatory labels during the sentencing phase—not as an advocate, but as an investigator and administrator acting under color of law.

2. Plaintiff's claims fall squarely within the recognized heartland of *Bivens* jurisprudence, including the judicial-phase misconduct exception to absolute immunity (*Buckley v. Fitzsimmons*, 509 U.S. 259) and the *Thompson v. Clark*, 596 U.S. 36 (2022), favorable

termination standard. Rochlin's conduct included knowingly falsifying sentencing timelines, manipulating the presentence report process, selectively suppressing mitigating evidence, leaking prejudicial materials to the media, and injecting racialized and ideological framing to punish Plaintiff's speech and identity. These actions were neither core prosecutorial nor protected by any form of immunity. They were retaliatory, investigatory, and administrative in nature—well outside the legitimate bounds of prosecutorial discretion.

3. For these reasons, Plaintiff respectfully requests that the Court deny Rochlin's Motion to Dismiss in its entirety.

## ARGUMENT

### I. THIS COURT HAS PERSONAL JURISDICTION OVER ROCHLIN

4. Rochlin's motion to dismiss under Rule 12(b)(2) ignores that her actions were expressly directed at Plaintiff while Plaintiff resided in the Northern District of Texas. Under *Calder v. Jones*, 465 U.S. 783 (1984), personal jurisdiction exists where the defendant targeted harmful conduct at the forum, causing foreseeable injury. Rochlin authored and filed a sentencing memorandum that:
    a. Used Plaintiff's Texas-based speech, business, and reputation as aggravating factors;
    b. Was disseminated by Dallas media outlets (Att. 38-43);
    c. Triggered reputational harm, financial deplatforming, and social exclusion within Texas;
    d. Supported increased surveillance and watchlisting originating from this district.

5. Rochlin is not merely a passive DOJ official. She directly targeted Plaintiff in her home state. Personal jurisdiction is proper under well-established Fifth Circuit and Supreme Court precedent.

## II. ABSOLUTE IMMUNITY DOES NOT APPLY TO ROCHLIN'S INVESTIGATORY CONDUCT

6. Rochlin claims she is entitled to absolute prosecutorial immunity. But the acts challenged by Plaintiff were not advocacy.

7. Under *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), prosecutors are not entitled to absolute immunity for actions taken outside the courtroom and prior to or after prosecution, including fabrication, evidence suppression, and investigatory coordination.

8. Rochlin engaged in:

    a. Construction of a fabricated narrative timeline *(Ex. W-1, pp. 6-10)*;

    b. Direct manipulation of PSR content *(Ex. W-3)*;

    c. Selective suppression of remorse evidence *(Att. 3, 4)*;

    d. Fabrication of inflammatory and racialized language used in the media *(Att. 24)*;

    e. False statements made in open court and in filings (e.g., claims of chanting 'Hang Mike Pence', denying cooperation).

9. These are investigative acts, not protected advocacy. Absolute immunity does not apply.

## III. PLAINTIFF'S BIVENS CLAIMS DO NOT PRESENT A NEW CONTEXT UNDER ABBASI

10. The DOJ misapplies *Ziglar v. Abbasi*, 582 U.S. 120 (2017). Plaintiff's claims arise under long-recognized Bivens categories:

    a. **Claim 1**: Malicious prosecution under the **Fourth Amendment** (see *Thompson v. Clark*, 596 U.S. 36 (2022));

    b. **Claim 2**: Retaliation for political speech under the **First Amendment** (supported under *Hartman v. Moore*, 547 U.S. 250);

    c. **Claim 3**: Fabrication of evidence and suppression under **Fifth Amendment Due Process** (see *Wearry v. Foster*, 33 F.4th 260 (5th Cir. 2022); *Napue* and *Brady*).

11. These are classic judicial-phase misconduct claims, not new policy areas, and do not pose separation-of-powers concerns that animated *Abbasi* or *Egbert v. Boule*.

## IV. SPECIAL FACTORS DO NOT COUNSEL HESITATION

12. Plaintiff is not challenging national security, prison operations, or legislative functions. She seeks redress for well-established constitutional violations committed by a prosecutor acting in non-advocatory, retaliatory roles. The government admits in Executive Order 14147 that DOJ and FBI actors engaged in systemic weaponization in January 6 prosecutions. Rochlin's actions directly align with that pattern.

13. There are no alternative remedies for Bivens violations involving fabricated sentencing evidence. FTCA claims are limited to monetary damages and do not address constitutional violations. Inspector General referrals are not judicially enforceable, and criminal perjury statutes are rarely prosecuted by DOJ against its own attorneys.

## V. PLAINTIFF'S FACTUAL ALLEGATIONS PLAUSIBLY STATE CLAIMS FOR RELIEF

### A. Claim 1 – Fourth Amendment (Malicious Prosecution)

14. Plaintiff's Fourth Amendment claim arises from Rochlin's decision to continue and escalate a criminal prosecution by introducing fabricated evidence, omitting exculpatory material, and constructing a false narrative in the sentencing phase. These actions constituted a judicial-phase seizure unsupported by probable cause and motivated by retaliatory intent. Under *Thompson v. Clark*, 596 U.S. 36 (2022), and related precedent, Plaintiff has plausibly alleged all elements of malicious prosecution in violation of the Fourth Amendment.

    a. Rochlin continued and escalated prosecution with fabricated evidence;
    b. False claims of violent chants, fabricated remorse timeline;
    c. Sentencing memo used materially false claims *(Ex. W-1)*;
    d. Termination was favorable via presidential pardon and public DOJ admissions (EO 14147).

### B. Claim 2 – First Amendment (Retaliation)

15. Plaintiff's First Amendment claim is grounded in Rochlin's use of Plaintiff's protected political speech, online expression, and public persona as aggravating factors to justify harsher punishment. Rather than prosecuting based on conduct, Rochlin escalated Plaintiff's sentencing based on viewpoint discrimination—punishing Plaintiff for her ideology, assigned feelings and public presence. This constitutes unlawful retaliation under *Hartman v. Moore*, 547 U.S. 250 (2006), and violates clearly established constitutional protections against content- and viewpoint-based penalties.

    a. Plaintiff's personal texts, tweets, interviews, and public persona used as aggravating sentencing factors;

    b. Political ideology portrayed as extremism;

    c. Prosecution escalated following Plaintiff's post expressing defiance *(Att. 12)*;

    d. Rochlin's memo selectively cited political speech in support of incarceration.

### C. Claim 3 – Fifth Amendment (Due Process – Fabrication)

16. Plaintiff's Fifth Amendment due process claim arises from Rochlin's deliberate fabrication of a sentencing narrative through false timelines, suppression of exculpatory evidence, and intentional distortion of Plaintiff's cooperation and remorse. By omitting CCTV footage *(Ex. X-7.1)*, misrepresenting Plaintiff's statements, and manipulating the PSR process, Rochlin deprived Plaintiff of a fair and truthful adjudication. These actions violate the due process protections recognized in *Brady v. Maryland*, *Napue v. Illinois*, and *Wearry v. Foster*, and fall well outside the bounds of prosecutorial discretion.

    a. Fabricated timeline of events;

    b. Suppressed CCTV video showing peaceful police-guided entry *(Ex. X-7.1)*;

    c. Withheld expressions of remorse;

    d. Lied about Plaintiff's cooperation with PSR officer and DOJ *(Att. 3)*.

17. Plaintiff's SAC contains twelve detailed tables tying each constitutional violation to factual allegations, legal theories, and attached exhibits.

## CONCLUSION

18. Rochlin's motion is an attempt to escape accountability for conduct that no reasonable prosecutor could justify. Her actions were investigative, retaliatory, and constitutionally abusive. Absolute and qualified immunity do not apply. Plaintiff's Bivens claims are well-grounded, historically consistent, and factually rich.

19. At minimum, these claims warrant discovery. To dismiss now would insulate unconstitutional misconduct from judicial scrutiny. This Court should deny the Motion to Dismiss and allow Plaintiff's claims to proceed to discovery.

Date: August 7, 2025

Respectfully submitted,

/s/ Jennifer L. Ryan
Jennifer L. Ryan, Pro Se
8300 Douglas Ave., Ste: 800
Dallas, TX 75225
469-491-0587
jennaryanrealty@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Jennifer L. Ryan