IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| JENNIFER L. RYAN, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-cv-00325-X-BT |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | |
| Defendants. | |

### DEFENDANT KAREN E. ROCHLIN'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS

Plaintiff has failed to rebut Rochlin's arguments in support of dismissal of the claims against her for lack of personal jurisdiction or for failure to state a claim.

### I.   The Court should dismiss Plaintiff's *Bivens* claims for lack of personal jurisdiction.

Plaintiff has not met her burden of establishing a *prima facie* case for personal jurisdiction. She argues that personal jurisdiction exists under *Calder v. Jones*, 465 U.S. 783 (1984), because Rochlin "targeted harmful conduct at the forum, causing foreseeable injury." Doc. 32, at 2, ¶ 4.[1] Plaintiff specifically contends that "Rochlin authored and filed a sentencing memorandum that [u]sed Plaintiff's Texas-based speech, business, and reputation as aggravating factors; [w]as disseminated by Dallas media outlets; [t]riggered

---

[1] "Doc. __" citations refer to the items on the Court's electronic docket. The referenced page numbers are the ECF-generated page numbers at the top of the pages in each document.

**Defendant Karen E. Rochlin's Reply Brief in Support of Her Motion to Dismiss – Page 1**

reputational harm, financial deplatforming, and social exclusion within Texas; [and] [s]upported increased surveillance and watchlisting originating from this district." *Id.* (citation omitted). As an initial matter, Plaintiff's first amended complaint does not include all these allegations that Plaintiff now uses in her response to the motion to dismiss to support personal jurisdiction. *See* Doc. 20-1. But even if the first amended complaint did include the allegations, they are insufficient.

In *Calder*, the Supreme Court held that jurisdiction over Florida residents was proper in a California court "because of their intentional conduct in Florida calculated to cause injury to respondent in California." 465 U.S. at 791. The Floridians were journalists who wrote and edited an allegedly libelous story that "concerned the California activities of a California resident." *Id.* at 788. "The article was drawn from California sources, and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California." *Id.* at 788–89. The journalists knew that the magazine in which the article appeared had its largest circulation there. *Id.* at 789–90.

By contrast, Rochlin's prosecution of Plaintiff was not "calculated to cause injury" to Plaintiff in Texas. *See id.* at 791. "That the 'effects' test of *Calder* applies outside of the defamation context is clear; but the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997). "Any 'effects' in this case are essentially the effects of being [prosecuted in the District of Columbia], and it is immaterial to these effects [where Plaintiff resided] (unlike the relation between the

'effects' of a libel and the place of its publication)." *Id.*; *cf. Daughtry v. Silver Fern Chem., Inc.*, 138 F.4th 210, 216 (5th Cir. 2025) (finding personal jurisdiction existed in a Texas court where a defendant "falsif[ied] documents and forward[ed] them to federal prosecutors in Texas, knowing that the brunt of that injury from a prosecution would be felt there") (cleaned up).

In sum, "the mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 291 (2014). Rochlin may not be sued in this district and, therefore, this Court should dismiss Rochlin from this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## II. The Court should dismiss Plaintiff's *Bivens* claims for failure to state a claim.

### A. The Court should grant Rochlin absolute immunity.

According to Plaintiff, Rochlin is not entitled to absolute immunity because her conduct falls within the "judicial-phase misconduct exception." *See* Doc. 32, at 1–2, ¶ 2 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)). It is not clear what the exception is to which Plaintiff refers. In *Buckley*, the Supreme Court explained that prosecutors are entitled to absolute immunity when they act as advocates for the government, including "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." 509 U.S. at 272.[2] However, if a prosecutor performs the role of an

---

[2] Thus, Plaintiff mischaracterizes *Buckley* when she states that, under that case, "prosecutors are not entitled to absolute immunity for actions taken outside the courtroom and prior to or after prosecution."

**Defendant Karen E. Rochlin's Reply Brief in Support of Her Motion to Dismiss – Page 3**

investigator before probable cause is established, only qualified immunity applies. *See id*. at 273, 274. Plaintiff contends that the actions at issue were "not advocacy" but rather "investigative acts." Doc. 32, at 3, ¶¶ 6, 9.

As explained in Rochlin's initial brief, proposing sentencing and advocating during sentencing proceedings—which constitute the universe of Rochlin's actions in Plaintiff's prosecution—are established functions of an advocate subject to absolute immunity. *See Bouchard v. Olmsted*, 775 F. App'x 701, 703 (2d Cir. 2019) (granting absolute immunity to prosecutors who "advocated for a harsher sentence based on [the plaintiff's] speech" even if they did so "with an improper motivation"); *Parker v. Maloney*, No. 1:20-cv-636, 2020 WL 5249072, at *4 (W.D. Mich. Sept. 3, 2020) (granting absolute immunity to Assistant United States Attorneys alleged to have "acted to increase [the plaintiff's] sentence because they were not satisfied with his cooperation"). Plaintiff does not rebut, let alone address, this case law. Accordingly, Rochlin should be granted absolute immunity from all of Plaintiff's claims.

**B.    Plaintiff's claims present new *Bivens* contexts.**

Plaintiff is simply incorrect that "Plaintiff's claims arise under long-recognized Bivens categories." Doc. 32, at 4, ¶ 10. Regarding Plaintiff's First Amendment claim, she cites *Hartman v. Moore*, 547 U.S. 250 (2006). *Id*. However, as explained in Rochlin's initial brief, the Supreme Court in *Egbert v. Boule*, 596 U.S. 482, 492 (2022),

---

Doc. 32, at 3, ¶ 7. The other case that Plaintiff cites regarding absolute immunity, *Thompson v. Clark*, 596 U.S. 36 (2022), is inapposite as it does not discuss absolute immunity at all.

affirmed that a "First Amendment claim presents a new *Bivens* context" and held that "there is no *Bivens* action for First Amendment retaliation." 596 U.S. at 498–99. While *Egbert* acknowledged that the Court had "assumed that such a damages action might be available" in cases such as *Hartman*, the Court "never held that *Bivens* extends to First Amendment claims." *Egbert*, 596 U.S. at 498 (internal quotations and citation omitted). As for Plaintiff's Fourth and Fifth Amendment claims, the cases Plaintiff cites did not involve any *Bivens* cause of action at all.

As with Rochlin's other arguments, Plaintiff does not address the case law upon which Rochlin relies. That case law demonstrates that Plaintiff's claims present new contexts. Plaintiff has no response to the Fifth Circuit's holding that "[v]irtually" every case outside the limited circumstances of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980), presents "a 'new context.'" *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017). Because Plaintiff has failed to show how her claims arise in any established *Bivens* context, a special-factors analysis is required under step two of the Supreme Court's applicable inquiry. *See Egbert*, 596 U.S. at 492.

C.     **Special factors preclude extending *Bivens* to Plaintiff's claims.**

Once a case presents a new *Bivens* context, "[t]he second question is whether" the Court "should engage in the 'disfavored judicial activity' of recognizing a new *Bivens* action." *Cantú v. Moody*, 933 F.3d 414, 423 (5th Cir. 2019) (quoting *Abbasi*, 582 U.S. at

134).  A *Bivens* remedy is unavailable if (1) "special factors counsel[] hesitation in the absence of affirmative action by Congress," or (2) an "alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."  *Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017) (quoting *Abbasi*, 582 U.S. at 143, and *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).  Alternative remedial structures themselves constitute a "special factor."  *See Egbert*, 596 U.S. at 493.

Plaintiff insists that "[t]here are no alternative remedies for Bivens violations involving fabricated sentencing evidence."  Doc. 32, at 4, ¶ 13.  She rejects the FTCA as "limited to monetary damages" and "not address[ing] constitutional violations," Inspector General referrals as "not judicially enforceable," and criminal perjury statutes as "rarely prosecuted by DOJ against its own attorneys."  *Id*.  But it does not matter whether a *Bivens* action would "disrupt" the remedial scheme, whether the scheme leaves the alleged wrong unaddressed, or whether the scheme does not provide for complete relief.  *See Egbert*, 596 U.S. at 493.  "[T]he court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy."  *Id*. (internal quotations and citation omitted).  "If there is a rational reason to think that the answer is 'Congress'—as it will be in most every case—no *Bivens* action may lie."  *Id*. at 492; *see also id*. ("If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy.") (internal quotations and citation omitted).

Furthermore, Plaintiff does not address Rochlin's discussion of the alternative remedies found within the federal criminal justice system, including remedies under the Hyde Amendment, the Unjust Conviction and Imprisonment Act, and 28 U.S.C. § 2255. Because "the presence of one special factor is sufficient to preclude the availability of a *Bivens* remedy," *Buchanan v. Barr*, 71 F.4th 1003, 1010 (D.C. Cir. 2023), the uncontested remedies afforded within the criminal justice system preclude Plaintiff's claims. Accordingly, no *Bivens* remedy should be extended here.

**D.    If Rochlin is not absolutely immune from suit, then the Court should grant Rochlin qualified immunity.**

Even if the Court were to assume Plaintiff's constitutional claims were viable under *Bivens*, Rochlin would be entitled to qualified immunity. Plaintiff concludes that "qualified immunity do[es] not apply," Doc. 32, at 7, ¶ 18, but fails to support her position, as she must to defeat Rochlin's assertion. *See Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (The "burden is on the plaintiff to prove that a government official is not entitled to qualified immunity.").

As explained in Rochlin's initial brief, the Supreme Court has established two questions for assessing qualified immunity: first, whether the facts alleged show that the defendant violated a constitutional right at all; and second, whether the right was clearly established at the relevant time. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the facts alleged do not show the violation of a constitutional or statutory right, or if that right was not clearly established at the time of the events alleged, the defendant is immune

from suit. *See id*. at 243–45; *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) ("A court may rely on either prong of the defense in its analysis.").

Here, the facts do not show that Rochlin violated any constitutional right. To state a First Amendment retaliation claim, a plaintiff must plausibly allege that (1) she was engaged in constitutionally protected activity, (2) the defendant's actions caused her "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) the defendant's "adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). Plaintiff has not established that Rochlin's actions would not have been taken absent a retaliatory motive. Plaintiff's claim of "viewpoint discrimination" is unfounded. *See* Doc. 32, at 5, ¶ 15. Indeed, Plaintiff does not address the "obvious alternative explanation," *see Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009), which Rochlin discusses in her initial brief, that forces beyond Rochlin's control were at play. *See* Doc. 26, at 41–42. Nor does she acknowledge her admission that the "shift" from Assistant U.S. Attorney Frances Blake's sentencing recommendation to Rochlin's was "DOJ-influenced." Doc. 20-1, at 19, ¶ 35b. Plaintiff's retaliation claim fails.

To state a malicious prosecution claim under the Fourth Amendment, a plaintiff must plausibly allege the following elements: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Espinal v. City of Houston*, 96 F.4th 741, 748 (5th Cir. 2024).

**Defendant Karen E. Rochlin's Reply Brief in Support of Her Motion to Dismiss – Page 8**

As previously explained, Plaintiff's amended complaint fails to plausibly plead at least three of these elements—that Rochlin caused the continuance of Plaintiff's criminal proceeding, the absence of probable cause, and malice. Notably, Plaintiff fails to rebut, let alone address, Rochlin's argument that Plaintiff's agreement to plead guilty conclusively establishes probable cause. In light of Plaintiff's plea and her repeated statements under oath admitting her guilt and the voluntariness of her plea, Plaintiff's malicious prosecution claim under the Fourth Amendment should be dismissed.

Plaintiff also alleges due-process violations under the Fifth Amendment in connection with her prosecution. The elements of a Fifth Amendment procedural due-process claim are: (1) the existence of a recognized liberty or property interest, and (2) failure to receive the process that is due. *See Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976). For a substantive due-process claim, a plaintiff must show that the Government acted in a manner that shocks the conscience. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998). "Plaintiff's general 'due process' claims are either duplicative of h[er] Fourth Amendment claims or improper to the extent asserted under the Fifth Amendment." *See Klein v. Zugabie*, No. 15 CIV. 9093 (NSR), 2017 WL 374733, at *5 n.8 (S.D.N.Y. Jan. 24, 2017). Even if Plaintiff's Fifth Amendment claim is assumed to be proper, Plaintiff has failed to state a claim under the Fifth Amendment for the same reasons she has failed to state a claim under the Fourth Amendment.[3]

---

[3] Plaintiff does not and cannot explain why the cases she cites—*Brady v. Maryland*, 373 U.S. 83 (1963), *Napue v. People of State of Ill.*, 360 U.S. 264 (1959), and *Wearry v. Foster*, 33 F.4th 260 (5th Cir. 2022)—support her due-process claim. *See* Doc. 32, at 6, ¶ 16.

In sum, Plaintiff fails to plead sufficient facts to state a plausible claim to relief against Rochlin. Therefore, her requests to proceed to discovery should be denied. *See* Doc. 20-1, at 32, ¶ 76(d); Doc. 32, at 7, ¶ 19. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678–79, and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff's allegations do not show the violation of any constitutional right and because any alleged constitutional violation was not proscribed by clearly established law, Rochlin is entitled to (at least) qualified immunity. Indeed, "[w]hen properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

### III.     Rochlin's remaining arguments are uncontested.

Plaintiff's response does not address Rochlin's arguments that the request for declaratory relief should be denied and that Plaintiff is not entitled to attorney's fees. "[A] party abandons a claim by failing to defend it in response to motions to dismiss." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023). For this reason as well as the reasons in Rochlin's initial brief, Plaintiff's requests for declaratory relief and attorney's fees should be denied.

### IV.     Conclusion

For the foregoing reasons and the reasons stated in Rochlin's initial brief, the Court should dismiss Plaintiff's claims against Rochlin with prejudice.

Respectfully submitted,

NANCY E. LARSON
Acting United States Attorney

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8737
Facsimile:    214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

Certificate of Service

On August 21, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney