IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| JENNIFER L. RYAN, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-cv-00325-X-BT |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | |
| Defendants. | |

**DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff has failed to rebut DOJ's arguments in support of dismissal of the claims against DOJ for lack of jurisdiction or for failure to state a claim.

**I.     This Court lacks subject-matter jurisdiction over Plaintiff's FTCA claims.**

For several reasons, which DOJ has detailed in its initial brief, Plaintiff has not met her "burden of showing Congress's unequivocal waiver of sovereign immunity." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

**A.     Plaintiff did not sue the proper defendant.**

It is uncontested that Plaintiff did not name the only proper defendant: the United States. *See* Doc. 31, at 2, ¶ 3.[1]  Because Plaintiff did not name the United States as a

---

[1] "Doc. __" citations refer to the items on the Court's electronic docket.  The referenced page numbers are the ECF-generated page numbers at the top of the pages in each document.

defendant, this Court lacks jurisdiction over her FTCA claims. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

### B. Plaintiff filed suit before exhausting required administrative remedies.

Even if Plaintiff had named the proper defendant, her FTCA claims would still fail for failure to exhaust administrative remedies. Plaintiff does not dispute her failure to exhaust. *See* Doc. 31, at 2–3, ¶ 4. Instead, she argues that she should be granted "a stay of unexhausted claims," particularly in light of her *pro se* status. *Id*. "That [Plaintiff] is a *pro se* litigant does not excuse h[er] from meeting th[e] threshold requirement" of administrative exhaustion. *Mendoza v. United States*, No. 4:20-CV-154-O, 2020 WL 6737871, at *4 (N.D. Tex. Nov. 17, 2020) (citing *Gregory v. Mitchell*, 634 F.2d 199, 201, 204 (5th Cir. 1981)) (dismissing case where a *pro se* plaintiff filed an FTCA complaint before the six-month waiting period after filing an administrative claim had ended).

"[T]o allow the district court to stay or hold in abeyance the damage claim . . . until the six month period accrues would tend to increase the congestion in our already heavily burdened district courts." *Gregory*, 634 F.2d at 204 (dismissing *pro se* FTCA complaint for failure to exhaust). In addition, allowing a stay "would spur unnecessary litigation and slow down the [administrative settlement] process." *Id*. In sum, "jurisdiction must exist at the time the complaint is filed," *id*., and here that requirement was not met. Because Plaintiff failed to exhaust her administrative remedies before filing suit, this Court lacks jurisdiction over Plaintiff's FTCA claims and they should be dismissed.

C.      **The FTCA's discretionary-function exception bars Plaintiff's tort claims.**

The discretionary-function exception to the FTCA preserves the United States' sovereign immunity from FTCA claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). To fall within the discretionary-function exception, the federal employee's "conduct must be a matter of choice for the acting employee" as opposed to being specifically prescribed by mandatory statute or regulation. *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (cleaned up). "The plaintiff has the burden of establishing that the discretionary function exception does not apply." *Id.*

Plaintiff has not met this burden. She argues that the discretionary-function exception "does not shield [c]onstitutional violations, [f]abricated or retaliatory prosecutions, [or] [p]rosecutorial acts involving investigatory misconduct." Doc. 31, at 3, ¶¶ 6, 7 (citations omitted). Here, there were no such violations or misconduct. Regardless, as the statute provides, the discretionary-function exception applies "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Plaintiff's reliance on *Berkovitz by Berkovitz v. United States*, 486 U.S. 531 (1988), is misplaced. In that case, the Supreme Court found that the discretionary-function exception did not apply because the federal agency at issue had "fail[ed] to act in accord with a specific mandatory directive." 486 U.S. at 544. Here, by contrast, DOJ prosecutors were not subject to any statute or regulation requiring that they prosecute Plaintiff. "Decisions on when, where, and how to investigate and whether to prosecute have long been found to be core

examples of discretionary conduct for which the United States maintains its immunity." *Tsolmon*, 841 F.3d at 383.[2] Furthermore, Plaintiff does not specifically contest DOJ's argument that the discretionary-function exception precludes all FTCA liability, as all her tort claims are premised on discretionary prosecutorial decisions.

Therefore, Plaintiff's tort claims fall into the discretionary-function exception and should be dismissed.

**D.    The FTCA's intentional-tort exception bars Plaintiff's tort claims.**

The FTCA also preserves the United States' sovereign immunity for any claim "arising out of" certain torts. 28 U.S.C. § 2680(h). This preservation of immunity is called the "intentional tort exception." *Millbrook v. United States*, 569 U.S. 50, 52 (2013). Section 2680(h) provides that the FTCA does not waive sovereign immunity for claims "arising out of . . . malicious prosecution, . . . libel, slander, [or] mispresentation," among other torts. 28 U.S.C. § 2680(h). Plaintiff does not contest that the intentional-tort exception bars these claims. *See* Doc. 31, at 4, ¶ 9. However, she disputes DOJ's argument that Section 2680(h)'s "law enforcement proviso" is immaterial. *See id*.

Under the proviso, sovereign immunity *is* waived as to claims arising out of malicious prosecution, as well as several other intentional torts not relevant here, when the claim is based on the "acts or omissions of investigative or law enforcement officers of the United States Government." *Id*. As an initial matter, the proviso does not apply to

---

[2] The other cases that Plaintiff cites are inapposite. In *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994), the Ninth Circuit held that federal agents' preparation of a case for prosecution was immune from FTCA liability pursuant to the discretionary-function exception. 39 F.3d at 1434–35. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), does not address the discretionary-function exception at all.

claims of defamation, false light, and intentional infliction of emotional distress, and Plaintiff thus appears to concede that the intentional-tort exception bars those claims. As for the remaining malicious prosecution claim, Plaintiff contends that the law enforcement proviso provides for a waiver of sovereign immunity for that claim because the alleged malicious prosecution was committed by "investigative or law enforcement officers of the United States Government." *Id*.

As explained in DOJ's initial brief, the proviso defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Plaintiff maintains that Assistant U.S. Attorney Rochlin fits within this definition because her "investigatory acts—including the creation of a false timeline and fabricated narrative—were outside the protected scope of advocacy and instead constitute acts of investigatory misconduct functionally equivalent to law enforcement." Doc. 31, at 4, ¶ 9. But these alleged acts do not amount to executing a search, seizing evidence, or making an arrest, as the proviso requires. Furthermore, Plaintiff ignores the case law that DOJ has cited establishing that federal prosecutors are not "investigative or law enforcement officers" within the meaning of the proviso. *See* Doc. 27, at 18–19. DOJ prosecutors do not qualify as "investigative or law enforcement officers" under section 2680(h), and sovereign immunity therefore precludes FTCA liability arising from their allegedly tortious conduct.

Alternatively, Plaintiff argues that she "also alleges acts by FBI agents and other officials empowered to execute arrests and searches." Doc. 31, at 4, ¶ 9. The amended

**Defendant United States Department of Justice's Reply Brief in Support of Its Motion to Dismiss – Page 5**

complaint briefly mentions that "others" at DOJ, in addition to Rochlin, "maliciously prosecuted Plaintiff under Texas law." Doc. 20-1, at 24, ¶ 55. But Plaintiff has not plausibly alleged that these alleged wrongdoers are investigative or law enforcement officers whose conduct may serve as the basis for her claims. Plaintiff's overbroad allegation is insufficient to plausibly allege that the "other" DOJ employees were investigative or law enforcement officers. *See Urmancheev v. Immigr. & Customs Enf't Health Servs. Corps*, No. 22CV0762-CAB (MSB), 2022 WL 17541026, at *4 (S.D. Cal. Dec. 8, 2022) (finding that "the FTCA does not apply to . . . generalized theories of negligence brought against the employees of an institution as a whole"). Accordingly, because the FTCA's intentional-tort exception bars all of Plaintiff's tort claims, the Court should dismiss the claims for lack of subject-matter jurisdiction.

> **II.    Plaintiff fails to state a claim upon which relief can be granted.**

Because the Court lacks jurisdiction, the Court need not proceed further. However, DOJ has nonetheless explained why Plaintiff has failed to state a claim with respect to her malicious prosecution and intentional infliction of emotional distress claims.[3] Here, because the alleged acts or omissions occurred in the District of Columbia, Plaintiff must plausibly allege that the United States, if a private person, would be liable under District of Columbia law. *See* 28 U.S.C. § 1346(b)(1); *Richards v. United States*, 369 U.S. 1, 9 n.20 & 10 (1962). In her response to the motion to dismiss,

---

[3] As mentioned in DOJ's initial brief, due to space considerations and given how clearly the FTCA bars Plaintiff's defamation and false light claims, DOJ has not discussed why those claims fail to state a claim, without waiving the argument.

Plaintiff agrees that District of Columbia law is the applicable law. *See* Doc. 31, at 4. She claims that she has sufficiently alleged all necessary elements of her claims, *see id*. at 4–5, but does not counter DOJ's arguments to the contrary.

A.  **Plaintiff fails to state a claim for malicious prosecution.**

Under D.C. law, "four elements make up the tort of malicious prosecution: (1) the defendant's initiation or procurement of a criminal proceeding against the plaintiff; (2) absence of probable cause for the proceeding; (3) malicious intent on the part of the defendant; and (4) termination of the proceeding in favor of the plaintiff." *Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000). Here, Plaintiff's amended complaint fails to plausibly plead at least three of these elements.

*First*, Plaintiff fails to plausibly allege that an investigative or law enforcement officer initiated or procured the criminal proceeding. As explained above, the United States' sovereign immunity for malicious prosecution claims is waived only for the acts or omissions of investigative or law enforcement officers. *See* 28 U.S.C. § 2680(h). Therefore, to successfully bring a malicious prosecution claim, Plaintiff must allege that FBI agents—the only investigative or law enforcement officers identified in the amended complaint—initiated or procured the criminal proceeding.

"[T]he chain of causation between [the FBI] and the filing of [criminal charges] is broken thereby defeating tort liability if the decision made by [the prosecutor] was independent of any pressure or influence exerted by [the FBI] and of any knowing misstatements which [the FBI] may have made." *Dellums v. Powell*, 566 F.2d 167, 192–93 (D.C. Cir. 1977). Although the amended complaint includes conclusory allegations

that the FBI's "raid" of Plaintiff's home "set the stage for Rochlin's sentencing-phase fabrications" and "initiat[ed] a malicious prosecution continued by Rochlin's fabrications," Doc. 20-1, at 9, ¶ 14; *id.* at 20, ¶ 42, neither allegation plausibly alleges that any FBI agent exerted pressure or influence on the DOJ prosecutors or that any FBI agent gave false information. Thus, Plaintiff fails to plausibly allege that any investigative or law enforcement officer initiated or procured DOJ's criminal prosecution of Plaintiff.

*Second*, Plaintiff fails to plausibly allege the absence of probable cause. Plaintiff's guilty plea "establishes probable cause for commencing the proceeding against h[er] and therefore serves as an absolute defense to the malicious prosecution claim." *Cintron v. Shield*, No. 18-CV-1619 (RA), 2019 WL 4194429, at *3 (S.D.N.Y. Sept. 3, 2019). Although some courts have allowed parties to rebut the general rule that a guilty plea conclusively establishes probable cause where they have asserted that their guilty pleas "were obtained by fraud, perjury, undue influence, or some other corrupt means," here, Plaintiff has not plausibly alleged that her plea agreement was obtained through such means. Plaintiff continues to assert that her guilty plea was obtained under "coercive circumstances." Doc. 31, at 2, ¶ 2. But she does not address DOJ's argument that her claim of coercion lacks support. *See* Doc. 27, at 25–27. Plaintiff's unsubstantiated allegation is insufficient to overcome the presumption established by Plaintiff's guilty plea. *See* Fed. R. Civ. P. 9(b); *Briscoe v. United States*, 268 F. Supp. 3d 1, 18 (D.D.C. 2017) (rejecting argument that plaintiffs were "induced to plead guilty" based on alleged misstatements about evidence, because each plaintiff had "affirmed that he was pleading guilty 'because [he was] in fact guilty'").

In light of Plaintiff's guilty plea and her repeated statements under oath admitting both her guilt and the voluntariness of her plea, Plaintiff's amended complaint does not plausibly allege that the United States (or its prosecutors, by extension) lacked probable cause to initiate or pursue criminal proceedings against her.

*Third*, Plaintiff fails to plausibly allege that the criminal case terminated in her favor. To satisfy this requirement under D.C. law, the termination of the prior suit must be "of such a nature as to indicate the innocence of the accused" and "reflect on the merits of the underlying action." *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. 1986). Plaintiff relies upon the holding in *Thompson v. Clark*, 596 U.S. 36 (2022), that "a Fourth Amendment claim under [42 U.S.C.] § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." 596 U.S. at 48–49. Plaintiff does not seem to dispute that her presidential pardon neither indicates her innocence nor reflects on the merits of the underlying action. Because the District of Columbia's common law malicious prosecution claim is governed by the Restatement (Second) of Torts rather than "the American tort-law consensus as of 1871" recognized in *Thompson*, the *Thompson* holding is irrelevant to Plaintiff's malicious prosecution claim under the FTCA. Section 1983 malicious prosecution claims and malicious prosecution claims under D.C. law "are governed by different standards." *Lockett v. Metro. Police Dep't*, No. 1:22-cv-02935 (CJN), 2023 WL 4824735, at *3 n.4 (D.D.C. July 27, 2023). Consequently, the pardon does not satisfy the favorable termination requirement for a malicious prosecution claim.

### B. Plaintiff fails to state a claim for intentional infliction of emotional distress.

Plaintiff's claim of intentional infliction of emotional distress (IIED), to the extent it is predicated on Plaintiff's other claims, should be dismissed as duplicative. The IIED claim should also be dismissed because Plaintiff fails to sufficiently allege emotional distress damages. To state an IIED claim under D.C. law, a plaintiff must plead "(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1260 (D.C. 2016), *as amended* (Dec. 13, 2018) (internal quotations and citation omitted).

Here, Plaintiff does not allege facts to show intentional infliction of emotional distress. She has no response to DOJ's argument that her alleged emotional distress is not "of so acute a nature that harmful physical consequences might be not unlikely to result." *Ortberg v. Goldman Sachs Grp.*, 64 A.3d 158, 164 (D.C. 2013). And she fails to address the case law that DOJ cited. For these reasons, the Court should dismiss Plaintiff's IIED claim.

### III. The request for declaratory relief should be denied.

Plaintiff concedes that the FTCA does not provide for declaratory relief, but argues she is still entitled to such relief. *See* Doc. 31, at 5, ¶ 12. DOJ maintains that Plaintiff is not entitled to such relief and that such relief would be redundant.

### IV. Conclusion

For the foregoing reasons and the reasons stated in DOJ's initial brief, the Court should dismiss Plaintiff's claims against DOJ with prejudice.

Respectfully submitted,

NANCY E. LARSON
Acting United States Attorney

<u>/s/ Lisa R. Hasday</u>
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8737
Facsimile:    214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

<u>Certificate of Service</u>

On August 21, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>/s/ Lisa R. Hasday</u>
Lisa R. Hasday
Assistant United States Attorney