IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JENNIFER L. RYAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | Civil Action No. 3:25-cv-00325-X-BT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## I.   Introduction

Plaintiff has moved for leave to file a second amended complaint. This Court should deny her motion because the proposed amendments could have been included earlier, the proposed amendments would unduly prejudice the defendants by fundamentally altering the case, and the proposed amendments are futile.

## II.   Factual Background

Plaintiff filed her original complaint on February 10, 2025. *See* Doc. 3. On May 29, 2025, Plaintiff filed an agreed motion for leave to file an amended complaint, which the Court granted. *See* Docs. 20, 21. On July 25, 2025, Defendants filed motions to dismiss the first amended complaint. *See* Docs. 26, 27. Those motions have been fully briefed. *See* Docs. 31–34. On August 6, 2025, Plaintiff filed a motion for leave to file a second amended complaint. *See* Doc. 30.

The proposed second amended complaint names new defendants and includes new claims. The new defendants are the United States of America and "John Does 1–10," who are "unidentified federal officials or agents from DOJ, FBI, FinCEN, or related entities." Doc. 30-1, at 7, ¶ 4; *id*. at 9–10, ¶¶ 11, 12.[1] The only defendant named in the second amended complaint who was also named in the first amended complaint is Assistant U.S. Attorney Karen E. Rochlin.

In addition to bringing the existing *Bivens* claims against the proposed new individual defendants, the proposed second amended complaint brings two new claims against them and against Rochlin. Those two new claims are "Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))," *see* Doc. 30-1, at 56, and "State–Private Actor Conspiracy to Violate Rights (Bivens / § 1985)," *see id*. at 59.

### III.    Legal Standard

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written

---

[1] "Doc. __" citations refer to the items on the Court's electronic docket. The referenced page numbers are the ECF-generated page numbers at the top of the pages in each document. "FinCEN" presumably refers to the U.S. Department of the Treasury's Financial Crimes Enforcement Network. Plaintiff refers to DOJ, the FBI, and FinCEN with respect to her proposed Claim 4, but it is not clear whether she intends for those entities to be named as defendants. *See* Doc. 30-1, at 56.

**Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Complaint – Page 2**

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"Although Rule 15(a) requires the district court to grant leave to amend freely, leave to amend is in no way automatic." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (cleaned up). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (cleaned up).

## IV.    Argument and Authorities

**A.    The proposed amendments could have been included earlier.**

Plaintiff's motion for leave to file a second amended complaint contains no justification for why Plaintiff did not include the proposed new defendants and claims in an earlier version of her complaint. The only information that Plaintiff characterizes as "new" appears not in her motion, but in the proposed second amended complaint itself. Plaintiff references "[n]ewly obtained CCTV footage from the East Rotunda Door (Exhibit X-7.1)." Doc. 30-1, at 13, ¶ 25. Even assuming that Plaintiff did not possess this footage before filing her first amended complaint, nowhere does she discuss or explain any connection between the footage and the proposed new defendants or claims. "Under these circumstances, the denial of leave to amend [i]s within the sound discretion of the district court." *Armenta v. Pryor*, 377 F. App'x 413, 417 (5th Cir. 2010) (affirming

denial of leave to amend where the plaintiff sought to add new defendants and claims, but "offered no justification for the delay in naming the additional defendants and offered no facts to support his claims"). Because there is no discernable reason as to why Plaintiff could not have included the proposed new defendants and claims earlier, this Court should deny her motion for leave to amend.

**B.	The proposed amendments would unduly prejudice the defendants by fundamentally altering the case.**

Amendments that "would fundamentally alter the nature of the case . . . may be denied if the circumstances warrant." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (affirming denial of leave to amend where the plaintiffs "essentially pleaded a *fundamentally different* case with new causes of action and different parties"). Here, in addition to adding new claims of conspiracy under 42 U.S.C. § 1985, Plaintiff seeks to name as new defendants "unidentified federal officials or agents from DOJ, FBI, FinCEN, or related entities." Doc. 30-1, at 9, ¶ 12. These amendments would fundamentally alter the case, thereby prejudicing Defendants.

As an initial matter, the proposed amendments could potentially introduce up to ten new defendants whose identities are currently unknown. Plaintiff asserts that she will identify these defendants "through discovery." *Id*. at 9–10, ¶¶ 11–12. Accordingly, Plaintiff "suggest[s] that further amendments would be necessary as discovery revealed more defendants and further wrongs." *Barnes v. Madison*, 79 F. App'x 691, 699 (5th Cir. 2003). "Given the risk of an unending stream of unsatisfactory amendments, . . . the district court [would] not abuse its discretion in finally calling a halt to the amendment

process." *Id.*; *see also Parker v. Cain*, 266 F. App'x 359, 359 (5th Cir. 2008) ("[The plaintiff] further alleges that the district court erroneously refused to allow him to amend his complaint to add John Doe as the defendant. [The plaintiff], however, did not identify John Doe."). The discovery that would be necessary to identify the proposed unidentified defendants would fundamentally alter the case.

Moreover, even if the identity of these new defendants was currently known, adding them as defendants at this stage of the litigation would prejudice the existing defendants. As discussed, both AUSA Rochlin's and DOJ's motions to dismiss are ripe for review. Allowing Plaintiff to amend her complaint (again) would unduly prejudice the existing defendants by delaying a decision on their arguments for dismissal. Any such delay would be particularly unfair in the case of Rochlin, who is entitled to at least qualified immunity. As explained in Rochlin's motion to dismiss, the qualified-immunity doctrine provides "*immunity from suit* rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), because forcing federal officials to defend private lawsuits diverts "official energy from pressing public issues," *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 814 (1982). Rochlin should not be forced to continue participating in this litigation if her claims are ready for dismissal. Nothing prevents Plaintiff from filing a new complaint against the proposed new defendants, but Plaintiff should not be allowed to add them to the current suit given the prejudice to the existing defendants.

In sum, because the proposed amendments would unduly prejudice the defendants by fundamentally altering the case, the Court should deny Plaintiff's motion for leave to amend.

## C. The proposed amendments are futile.

"Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports*, 751 F.3d at 378. Here, allowing Plaintiff to file her proposed second amended complaint would be futile.

### 1. The *Bivens* claims cannot prevail.

Plaintiff's *Bivens* claims cannot prevail. Regarding the *Bivens* claims against Rochlin, those claims fail for the reasons explained in Rochlin's motion to dismiss and reply brief in support. *See* Docs. 26, 33. With regard to the proposed new *Bivens* defendants—the unidentified federal officers—the *Bivens* claims against them would fail as well. For the same or similar reasons, Plaintiff has not established personal jurisdiction over any of these proposed new defendants, Plaintiff's claims present new *Bivens* contexts, special factors preclude extending *Bivens* to Plaintiff's claims, and the proposed new defendants are entitled to at least qualified immunity. *Cf. Parker v. Cain*, 266 F. App'x 359, 359 (5th Cir. 2008) (affirming denial of leave to amend because "even if Parker had identified John Doe and added him as a defendant, Parker has not shown that mandamus relief was appropriate").

### 2. The claims under 42 U.S.C. § 1985 cannot prevail.

42 U.S.C. § 1985 does not apply to federal officers. Indeed, "it has regularly been held that federal officers acting under color of federal law are immune from suit under this statute." *Moore v. Schlesinger*, 384 F. Supp. 163, 165 (D. Colo. 1974); *see White v. Boyle*, 390 F. Supp. 514, 515 (W.D. Va. 1975), *aff'd*, 538 F.2d 1077 (4th Cir. 1976); *Moore*, 384 F. Supp. at 165; *Williams v. Halperin*, 360 F. Supp. 554, 556 (S.D.N.Y.

1973); *Bethea v. Reid*, 445 F.2d 1163, 1164 (3d Cir. 1971). Plaintiff's addition of the claims under 42 U.S.C. § 1985 would be futile.

### 3. The FTCA claims cannot prevail.

Although Plaintiff proposes to substitute the United States as the proper defendant, her FTCA claims would still fail for the reasons explained in DOJ's motion to dismiss and reply brief in support. *See* Docs. 27, 34. In particular, the Fifth Circuit has affirmed denials of motions for leave to amend where an amended complaint would be futile due to failure to exhaust. *See Johnson v. Stephens*, 617 F. App'x 293, 302, 303 (5th Cir. 2015) (finding that, because the plaintiff's new claims were "subject to dismissal as unexhausted," "reasonable jurists would not debate that the district court did not abuse its discretion in denying [the plaintiff] leave to amend his petition"); *Phillips v. Glob. Expertise in Outsourcing*, No. 07-30954, 2008 WL 2916388, at *1 (5th Cir. July 30, 2008) ("Insofar as Phillips challenges the district court's denying him leave to file an amended complaint, the court so ruled because the new claims he sought to add arose after he filed the present suit were factually distinct from those originally presented and did not appear to be exhausted."). Because Plaintiff's FTCA claims cannot prevail, amending her complaint to substitute the United States as defendant would be futile.

*\*\*\**

In sum, "[t]he liberal amendment rules of F. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). "Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *Id*.

## V. Conclusion

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to file a second amended complaint and grant Defendants all other relief to which they are entitled.

Respectfully submitted,

NANCY E. LARSON
Acting United States Attorney

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8737
Facsimile: 214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

### Certificate of Service

On August 27, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney