# IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00325 |
| | § | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | § | Jury Trial Demanded |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

Defendants' Response opposes Plaintiff's Motion for Leave to File Second Amended Complaint on grounds of undue delay, prejudice, and futility. The objection mischaracterizes the case's posture and misapplies the Federal Rule of Civil Procedure 15(a)(2) directive to "freely give leave when justice so requires." The Fifth Circuit strongly favors amendments at the pleading stage, especially for *pro se* litigants, to ensure claims are tested on their merits. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff's SAC clarifies and amplifies claims of coordinated misconduct by the DOJ, FBI, FinCEN, PayPal, and Sedition Hunters, culminating in AUSA Rochlin's fabricated sentencing memorandum, suppression of exculpatory evidence, retaliatory prosecution, and inhumane prison conditions. Its timely filing is justified by newly discovered evidence, including CCTV

footage *(Ex. X-7.1)* and Executive Order 14147, alongside Defendants' motions to dismiss *(ECF Nos. 26, 27)*. With no discovery or scheduling order in place, Defendants can reassert defenses without prejudice. Far from introducing a new case, the SAC completes the existing one by adding elements stemming from the same factual nexus as the original complaint, integrating the previously alleged Rochlin reassignment with new details of the original FBI agents' actions *(arrest, charging, raid, public parading, debanking, and inhumane imprisonment)*. These additions, rooted in the same coordinated misconduct, enable the Court to evaluate the full arc of malice and causation in one record. Granting leave promotes judicial economy and justice, while denying it risks fragmenting claims and restricting the record.

## II. DEFENDANTS' OPPOSITION CONFIRMS THE SAC'S NECESSITY

1. Defendants' focus on procedural barriers over merits reveals their intent to limit the record. The SAC's 70 pages, 12 tables, and exhibits *(e.g., Ex. X-7.1, CCTV showing police-facilitated entry)* directly address MTD deficiencies *(e.g., jurisdiction, immunity)* and document a public-private campaign targeting Plaintiff's speech and identity. If futile, Defendants would welcome the SAC and move to dismiss under Rule 12; their opposition underscores its strength. Rule 15 prevents such gatekeeping, ensuring merits-based adjudication. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

2. The full context provided in the SAC strengthens Plaintiff's malicious prosecution and due process claims by evidencing lack of probable cause, suppression, and deliberate indifference *(e.g., Ex. X-7.1; Tables 10–12; Ex. P-1)*, as required under *Thompson v. Clark*, 596 U.S. 36 (2022), and *Wearry v. Foster*, 33 F.4th 260 (5th Cir. 2022).

### III. ARGUMENT

**A. No Undue Delay - The SAC Is Timely Due to New Evidence**

3. Defendants claim Plaintiff could have included new defendants *(United States, John Does 1–10) and claims (§1985(3), state-private conspiracy)* earlier, citing *Armenta v. Pryor*, 377 F. App'x 413 (5th Cir. 2010). This is unpersuasive. The SAC, filed August 6, 2025, responds promptly to Defendants' MTDs *(filed July 25, 2025)* and incorporates newly discovered evidence, demonstrating diligence. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

   1. **New CCTV Footage**: Ex. X-7.1 shows Capitol Police permitting entry at the East Rotunda Door, negating probable cause for Plaintiff's trespass charge and exposing Rochlin's fabricated sentencing narrative, supporting malicious prosecution under *Thompson v. Clark*, 596 U.S. 36 (2022).

   2. **Sedition Hunters Coordination**: Recent OIG reports and Sedition Hunters' website confirm their role as FBI adjuncts, building cases adopted by DOJ, justifying new conspiracy claims.

   3. **Brady Violations**: Tables 10–11 detail suppression of remorse, cooperation, and CCTV evidence, clarified through later disclosures.

   4. **Debanking Evidence**: Plaintiff notified DOJ of FinCEN/PayPal claims during settlement talks, withholding them in good faith. DOJ's shift to dismissal prompted their inclusion, corroborated by FinCEN's January 19, 2021, alert and August 2025 debanking reports *(e.g., EO on Fair Banking)*.

5. **Inhumane Prison Conditions**: The SAC's new details on deliberate indifference during imprisonment integrate with the Rochlin reassignment and FBI actions to complete the coordinated misconduct, supporting due process and tort claims. This evidence, clarified through recent disclosures stemming from EO 14147 was unavailable earlier.

4. *Armenta* involved late-stage amendments without justification; here, Plaintiff's first post-MTD amendment, backed by new evidence including prison-related disclosures, aligns with *Mayeaux v. La. Health Serv. Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) *(amendments to "clarify or amplify" are timely)*. *Pro se* leniency and ongoing evidence negate delay. *Haines*, 404 U.S. at 520.

### B. No Undue Prejudice - Amendments Cause No Prejudice

5. Defendants argue that adding defendants and claims "fundamentally alters" the case, prejudicing Rochlin's immunity defenses, citing *Mayeaux* and *Barnes v. Madison*, 79 F. App'x 691 (5th Cir. 2003). This overstates the SAC's impact. Prejudice requires unfair surprise or significant burden, not mere inconvenience. *Dussouy*, 660 F.2d at 598.

    1. **Early Stage**: No discovery or scheduling order exists. Defendants can refile MTDs, negating delay. *Chitimacha Tribe of La. v. Harry L. Laws Assocs.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

    2. **John Does**: Naming unidentified actors is routine in civil rights cases, with identities clarified through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). *Barnes* involved post-discovery amendments; this case is pre-discovery.

3. **Immunity**: Rochlin's qualified immunity (*Mitchell v. Forsyth*, 472 U.S. 511 (1985)) remains assertable. Non-advocatory acts *(e.g., fabrication, Ex. W-1)* lack immunity under *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), warranting discovery. *Wearry v. Foster*, 33 F.4th 260 (5th Cir. 2022). Inhumane prison conditions further evidence downstream effects of the misconduct, allowing defenses without burden.

6. Denying leave would prejudice Plaintiff, forcing duplicative suits and fragmenting the record of malice—from FBI actions to debanking and imprisonment—risking inconsistent rulings. Rule 15 promotes consolidation for efficiency. *Mayeaux*, 376 F.3d at 427.

## C. The Amendments Are Not Futile - SAC Claims Are Plausible and Viable

7. Defendants assert futility, claiming *Bivens*, §1985, and FTCA claims fail under Rule 12(b)(6). Futility requires certain dismissal, a high bar the SAC clears. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

    1. **Bivens Claims**: The SAC alleges Rochlin's non-advocatory misconduct *(fabricated timelines, Ex. W-1; suppressed CCTV, Ex. X-7.1),* fits recognized Bivens contexts (Fourth Amendment malicious prosecution, *Thompson*; First Amendment retaliation, *Hartman v. Moore*, 547 U.S. 250 (2006); Fifth Amendment due process, *Wearry*). New details on inhumane prison conditions *(e.g., Ex. P-1)* bolster due process claims. John Does' jurisdiction is establishable via discovery (*Gillespie*), and Texas-based harm (Att. 38–43) satisfies *Calder v. Jones*, 465 U.S. 783 (1984). No 'special factors' bar relief. The EO 14147's

admission of J6 prosecutorial misconduct *(SAC ¶3)* negates *Ziglar v. Abbasi*, 582 U.S. 120 (2017), as national security concerns do not outweigh Plaintiff's individualized constitutional harms, and no alternative remedies *(e.g., FTCA)* fully address Bivens violations (*Carlson v. Green*, 446 U.S. 14, 1980)

2. **§1985(3) Conspiracy**: Defendants' reliance on *Moore v. Schlesinger*, 384 F. Supp. 163 (D. Colo. 1974), is outdated and non-binding. *Griffin v. Breckenridge*, 403 U.S. 88 (1971), and *Bustos v. Lennon*, 538 F. App'x 565 (5th Cir. 2013), permit §1985(3) for viewpoint-based public-private conspiracies. Table 12's 12-step timeline *(DOJ-FinCEN-PayPal-Sedition Hunters coordination, extending to prison oversight)* meets *Iqbal* plausibility.

3. **FTCA Claims**: Substituting the United States complies with 28 U.S.C. §1346(b). Plaintiff's DOJ claim *(filed May 5, 2025, Table 1)* is nearly exhausted (six-month deadline November 5, 2025), and FinCEN's claim (July 2025) is pending (due January 2026). The stay request aligns with *United States v. Wong*, 575 U.S. 402 (2015), as Plaintiff's diligence and extraordinary circumstances *(EO 14147's J6 misconduct, agency delays)* justify equitable relief. The law enforcement proviso (*Millbrook v. United States*, 569 U.S. 50 (2013)) and D.C. law (*Richards v. United States*, 369 U.S. 1 (1962)) support torts, including those tied to inhumane prison conditions. *Johnson v. Stephens*, 617 F. App'x 293 (5th Cir. 2015), involved post-suit FTCA claims, unlike Plaintiff's J6-related torts.

8. Defendants' objection signals the SAC's strength, forcing confrontation of plausible allegations under Rule 12, not Rule 15. *Cantú v. Moody*, 933 F.3d 414 (5th Cir. 2019).

**D. Justice Requires Amendment**

9. Rule 15's liberal standard favors amendment, especially for *pro se* plaintiffs alleging systemic misconduct. *Dussouy*, 660 F.2d at 598. The SAC's evidence *(CCTV, EO 14147, OIG findings, Ex. P-1 on prison conditions)* and public interest *(J6 accountability)* necessitate a complete record of the misconduct. Denying leave would fragment claims, increase costs, and risk injustice. Granting leave consolidates allegations, allowing full responses. *Foman*, 371 U.S. at 182.

**IV. CONCLUSION**

10. Defendants fail to show undue delay, prejudice, or futility. The SAC, supported by new evidence and precedent, ensures a complete record of coordinated misconduct, from arrest to inhumane imprisonment. Rule 15 mandates leave to promote justice. Plaintiff respectfully requests the Court grant her Motion for Leave to File the Second Amended Complaint.

> Respectfully submitted,
>
> /s/ Jennifer L. Ryan
>
> Jennifer L. Ryan, Pro Se
> 8300 Douglas Ave., Ste. 800
> Dallas, TX 75225
> 469-491-0587
> jennaryanrealty@gmail.com

**CERTIFICATE OF SERVICE**

On August 28, 2025, I electronically submitted this document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system. I certify that all parties were served electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jennifer L. Ryan