IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| JENNIFER L. RYAN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Civil Action No. 3:25-cv-00325-X-BT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

## I.     Introduction

Plaintiff has moved for leave to file a notice of supplemental authority. This Court should deny her motion because the proposed supplemental authorities could have been cited earlier and, even if the authorities were timely cited, they are irrelevant.

## II.     Factual Background

Plaintiff filed her original complaint on February 10, 2025. *See* Doc. 3.[1] On May 29, 2025, Plaintiff filed an agreed motion for leave to file an amended complaint, which the Court granted. *See* Docs. 20, 21. On July 25, 2025, Defendants filed motions to dismiss the first amended complaint. *See* Docs. 26, 27. Those motions have been fully briefed. *See* Docs. 31–34. On August 6, 2025, Plaintiff filed an opposed motion for

---

[1] "Doc. __" citations refer to the items on the Court's electronic docket. Referenced page numbers are the ECF-generated page numbers at the top of the pages in each document.

**Defendants' Response to Plaintiff's Motion for Leave to File Notice of Supplemental Authority – Page 1**

leave to file a second amended complaint, with respect to which Defendants have responded and Plaintiff has replied. *See* Docs. 30, 35, 36.

On September 8, 2025, Plaintiff filed a motion for leave to file a notice of supplemental authority. *See* Doc. 37. It appears that Plaintiff seeks to supplement her motion for leave to file a second amended complaint. *See id.* at 1, ¶¶ 1, 2 ("Plaintiff has filed a Second Amended Complaint . . . . Since Plaintiff's filing, new and significant legal and factual authorities have become available . . . ."). Plaintiff seeks to supplement the motion with three supposed authorities: (1) a March 6, 2024 interim report of the U.S. House of Representatives entitled "Financial Surveillance In The United States: How Federal Law Enforcement Commandeered Financial Institutions To Spy On Americans"; (2) a June 12, 2025 decision of the U.S. Supreme Court, *Martin v. United States*, 145 S. Ct. 1689 (2025); and (3) an August 7, 2025 Executive Order entitled "Guaranteeing Fair Banking For All Americans."

### III.   Legal Standard

"Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." Local Civil Rule 56.7. "A movant seeking to file a supplemental brief must: (1) show that it has new information that was not available at the time it filed its motion ... and (2) demonstrate that this information is relevant to the Court's analysis and would therefore aid the justiciable disposition of the case." *Tex. Clothing Holding Corp. v. Zurich Am. Ins. Co.*, No. 3:22-CV-0590-X, 2023 WL 11867020, at *5 (N.D. Tex. Feb. 27, 2023). "The decision to

grant or deny leave to supplement is within this Court's sound discretion." *Willingham v. Mktg. Assocs., Inc.*, No. 3:15-cv-1809-BN, 2016 WL 1182480, at *1 (N.D. Tex. Mar. 28, 2016).

## IV.   Argument and Authorities

**A.   The proposed supplemental authorities are untimely.**

A district court does not abuse its discretion when it denies leave to file supplemental materials that "were previously available to" the movant. *Carlson v. Rockwell Int'l Corp.*, 132 F.3d 1453, at *2 (5th Cir. 1997); *see also* Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). Here, when Plaintiff filed her motion for leave to file a second amended complaint on August 6, 2025, *see* Doc. 30, both the March 6, 2024 House report and the June 12, 2025 U.S. Supreme Court decision were available to her. Plaintiff's motion for leave to file a notice of supplemental authority contains no justification for why Plaintiff did not incorporate these materials in her earlier filings. Instead, she mischaracterizes the proposed supplemental materials as "new." Doc. 37, at 1, ¶ 2. Because there is no discernable reason as to why Plaintiff could not have included the proposed supplemental authorities earlier, this Court should deny her motion for leave to file a notice of supplemental authority. *See Carlson*, 132 F.3d 1453, at *2 (affirming district court's denial of leave to file supplemental evidence).

Regarding the executive order that Plaintiff proposes to introduce as a supplementary authority, it was issued on August 7, 2025, one day after Plaintiff filed her

motion for leave to file a second amended complaint. In addition to her failure to explain why she did not incorporate the House report or the Supreme Court decision in her earlier filings, Plaintiff also does not explain why she waited more than a month after filing her motion for leave to file a second amended complaint to move for leave to supplement that motion. All the proposed supplementary materials were issued no later than one day after she filed her motion for leave to amend, which is the filing that Plaintiff purports to seek to supplement. Had Plaintiff moved for leave to supplement before the deadline for Defendants to respond to Plaintiff's motion for leave to amend, Defendants could have addressed the proposed supplemental authorities in Defendants' response. *Cf. Wright v. Blythe-Nelson*, No. CIV.A. 399CV2522D, 2001 WL 1012701, at *1 n.4 (N.D. Tex. Aug. 15, 2001) (allowing supplemental appendix filed one day after filing of appendix because "defendants had a fair opportunity to reply to the evidence contained in the document when they filed their reply brief"). Here, Plaintiff's delay foreclosed the possibility that Defendants could have addressed the new authorities in their response brief. In sum, because Plaintiff's proposed supplementary materials are untimely, the Court should deny her motion for leave to file them.

B.   **The proposed supplemental authorities are irrelevant.**

Even if Plaintiff had introduced the proposed supplementary materials earlier in this litigation, their earlier inclusion would be inconsequential because the materials are irrelevant. As an initial matter, neither the House report nor the executive order is binding on this Court. *See, e.g.*, *Indep. Fin. Grp., LLC v. Harrison*, No. 3:24-CV-1307-L, 2025 WL 1617411, at *1 n.1 (N.D. Tex. June 6, 2025) (citing the non-binding nature

of a proposed supplemental authority as a reason not to consider it). Moreover, Plaintiff has not shown that either the House report or the executive order applies specifically to her or to the factual circumstances that she has alleged. In addition, the House report's reliability is questionable due to factors including its interim nature, rendering it inadmissible hearsay. *See Barry v. Trustees of Intern. Ass'n Full-Time Salaried Officers & Employees of Outside Local Unions & Dist. Counsel's (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 96–98 (D.D.C. 2006). As for the executive order, it contains language that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Doc. 37-3, at 5. The U.S. Court of Appeals for the D.C. Circuit has found that an executive order containing this same language is "not 'law' within the meaning of the Constitution" and is "not judicially enforceable." *Sierra Club v. U.S. Dep't of Energy*, 134 F.4th 568, 573 (D.C. Cir. 2025) (citations omitted). Thus, the House report and the executive order at issue lack authority and should not be relied upon.

The Supreme Court decision, *Martin v. United States*, 145 S. Ct. 1689 (2025), is also irrelevant. In that case, the Supreme Court held that the law enforcement proviso in 28 U.S.C. § 2680(h) applies only to the intentional-tort exception in that subsection, not to the discretionary-function exception or to other exceptions throughout section 2680. *Id*. at 1698–99. This holding is consistent with the Department of Justice's position in its motion to dismiss Plaintiff's Federal Tort Claims Act claims. *See* Doc. 27, at 17–18. *Martin* further holds that the United States may not rely upon the Supremacy Clause to

defend FTCA suits. 145 S. Ct. at 1700–02. Here, the government has not lodged any such defense. In sum, like the other proposed supplementary materials, *Martin* is irrelevant.

## V.     Conclusion

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to file a notice of supplemental authority and grant Defendants all other relief to which they are entitled.

Respectfully submitted,

NANCY E. LARSON
Acting United States Attorney

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8737
Facsimile:   214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

Certificate of Service

On September 29, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney