# IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00325 |
| | § | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.,* | § | Jury Trial Demanded |
| | § | |
|   Defendants. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

1. Defendants' opposition imports trial evidentiary rules into a threshold notice posture. A Notice of Supplemental Authority is not an evidentiary submission; under *Tex. Clothing Holding Corp. v. Zurich Am. Ins. Co.*, 2023 WL 11867020, at *5 (N.D. Tex. Feb. 27, 2023), the only questions are (1) whether the materials are new and (2) whether they may aid the Court—not whether they are admissible at trial or how much probative weight they carry. See Fed. R. Evid. 201 (the Court may take judicial notice of the existence and contents of public records), with any truth-in-dispute and weight reserved for later.

2. **Newness / assistance.** Two of Plaintiff's cited items are new: Executive Order on Debanking (Aug. 7, 2025) and *Martin v. United States*, 605 U.S. ___ (2025) (decided June 12, 2025). Both post-date Plaintiff's earlier filings and thus satisfy *Tex. Clothing*'s first prong. The third item—the Congressional Report on January 6–related Zoom calls

and FinCEN/FBI communications with financial institutions (Dec. 24, 2024)—while slightly earlier, is likewise an official government record of ongoing oversight that was not reasonably available to Plaintiff at the time of filing. It bears directly on her claims of extra-judicial punishment for protected speech. All three authorities may aid the Court by bearing on issues raised in the pending motions—e.g., sovereign-immunity defenses and the FTCA law-enforcement proviso (*Martin*), public-policy context and coordination/entwinement theories (Executive Order on debanking), and Plaintiff's retaliation allegations (Congressional Report)—satisfying *Tex. Clothing*'s second prong. Acceptance of the notice imposes no prejudice; any weight can be addressed later.

3. **Public records.** Plaintiff's notice relies on official government records (a congressional committee report and an Executive Order) and a Supreme Court decision—materials courts routinely notice at the motion stage. Defendants' hearsay and "irrelevance even if true" arguments go to merits and weight, not to whether the Court may accept the notice. Indeed, the government's very effort to resist the Court's review underscores the relevance of the authorities to the issues presented.[1]

**Relevance of *"Martin v. United States"***

4. Defendants protest that *Martin v. United States*, 605 U.S. ___, 145 S. Ct. 1689 (2025), is "irrelevant." In truth, *Martin* cuts directly against the very defenses the Department of Justice advances here.

---

[1] On September 29, 2025, the Department of Justice filed its opposition to Plaintiff's Notice within hours of PayPal's opposition in *Ryan v. PayPal*, No. 3:25-cv-01223 (N.D. Tex., Dkt. 24), and the filings advance substantively similar arguments under *Tex. Clothing* (i.e., "untimely" and "irrelevant even if true"). Plaintiff offers this observation solely to contextualize Defendants' shared posture.

    a. **First,** the Supreme Court in *Martin* rejected the Eleventh Circuit's rule that the Supremacy Clause provides a blanket defense against FTCA liability whenever federal officials act under color of federal authority. Id. at 1700–02. This clarification is directly relevant here, where Defendants repeatedly argue that their conduct was immunized by their roles as federal actors or tethered to federal "policy." *Martin* forecloses such reasoning and confirms that the Supremacy Clause is not a shield against accountability.

    b. **Second,** *Martin* confirmed that while the FTCA's law-enforcement proviso (§ 2680(h)) does not override every other exception in § 2680, it nonetheless preserves intentional-tort claims against federal law-enforcement officers so long as the discretionary-function exception does not apply. Id. at 1698–99. Defendants' motion to dismiss relies heavily on the discretionary-function exception *(Dkt.. 27 at 6–8, PageID 779–81)* to insulate alleged misconduct. But *Martin* makes clear that the exception does not extend to actions outside legitimate discretion—such as fabricating evidence, retaliatory prosecution, or entwinement with private actors to punish protected speech.

5. Accordingly, far from being "irrelevant," *Martin* undermines the Department of Justice's own defenses and reinforces the viability of Plaintiff's FTCA claims. Its recent and controlling clarification of both the Supremacy Clause and the FTCA exceptions makes it exactly the type of supplemental authority contemplated under Rule 28(j). And critically, by rejecting overbroad immunity theories, *Martin* strengthens Plaintiff's showing that Defendants' coordinated conduct with private entities falls outside lawful discretion and

into the realm of actionable extra-judicial retaliation. That is precisely why Rule 28(j) supplementation exists: to ensure courts are informed of binding precedent that forecloses arguments still being pressed.

6. **Ongoing records.** Public records and oversight disclosures concerning January 6 continue to emerge. To conserve judicial resources, Plaintiff will submit a consolidated Second Notice of Supplemental Authority with post-briefing government materials, absent an intervening binding decision requiring immediate notice.

7. **Relief.** For these reasons, Plaintiff respectfully asks the Court to grant leave, accept the Notice of Supplemental Authority with exhibits as filed, and consider the cited authorities in resolving Defendants' pending motions.

Dated: October 1, 2025

/s/ Jennifer L. Ryan

**Jennifer L. Ryan, Pro Se**
8300 Douglas Ave., Ste. 800
Dallas, TX 75225
(469) 491-0587
jennaryanrealty@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jennifer L. Ryan

Jennifer L. Ryan, Pro Se